SCOTT N. SCHOOLS (SC 9990)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

MELISSA K. BROWN (CSBN 203307)
Assistant United States Attorney
melissa.k.brown@usdoj.gov

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    FAX: (415) 436-6748

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JIMMIE STRINGER, <br><br> Plaintiff, <br><br> v. <br><br> DR. VANEIDA WHITE <br><br> Defendant. | No. C 07-5516 EDL <br><br> **UNITED STATES'S NOTICE OF MOTION AND MOTION TO DISMISS INDIVIDUAL DEFENDANT; TO SUBSTITUTE UNITED STATES AS SOLE DEFENDANT; AND TO DISMISS COMPLAINT** <br><br> Date: December 18, 2007 <br> Time: 9:00 a.m. <br> Place: Courtroom E. 15th Floor |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on December 18, 2007 at 9:00 a.m. in Courtroom E, located on the 15th Floor of 450 Golden Gate Avenue in San Francisco, California, 94105, the defendant Dr. Vaneida White and the United States of America will move this Court pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), and 12(b)(5), for an order dismissing the defendant Dr. Vaneida White; and substituting the United States as the sole defendant in this action; and dismissing the Complaint in this action in its entirety for lack of subject-matter jurisdiction and improper service of process.

This motion is based upon this notice, the following memorandum of points and

authorities, the pleadings and papers on file in this action, the reply and such oral argument as the Court may permit. Plaintiff's opposition to the motion will be due on November 27, 2007, 21 days prior to the hearing date. Defendants' Reply will be due on December 4, 2007, 14 days prior to the hearing date.

**RELIEF SOUGHT**

The moving party seeks an order dismissing the individual defendant Dr. Vaneida White and substituting the United States as the sole defendant in this matter; and dismissing the complaint in its entirety for lack of subject matter jurisdiction due to failure to exhaust administrative remedies; and for failure to properly serve the United States pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

By his complaint, Plaintiff Jimmie Stringer ("Plaintiff"), seeks to hold Dr. Vaneida White ("Dr. White") liable for medical malpractice. Dr. White, is an employee of Lifelong Medical Clinic, which is a federally deemed health center under the Federally Supported Health Centers Assistant Act ("FSHCAA"). 42 U.S.C. § 233 (g)-(n). Pursuant to the FSHCAA, a deemed health center and its employees are covered under the Federal Tort Claims Act 28 U.S.C. § 2671 *et seq*. ("FTCA") for alleged acts of negligence while acting within the course and scope of their employment. Accordingly, the FTCA provides the exclusive remedy for actions predicated on allegations of injury due to negligence by employees of a deemed health center. Because Plaintiff's medical malpractice claims fall within the scope of the FTCA, and they are subject to several jurisdictional prerequisites before they can be brought in federal court. Plaintiff has failed to meet these prerequisites; therefore his complaint should be dismissed without prejudice at this time.

First, Plaintiff has failed to name the proper defendant in this action. The only proper defendant in an action under the FTCA is the United States. Plaintiff's current complaint lists Dr. White as the defendant. Accordingly, the United States should be substituted as the sole defendant and Dr. White should be dismissed from the action.

Second, Plaintiff has failed to exhaust his administrative remedies as required under the FTCA. 28 U.S.C. § 2675(a). Failure to exhaust adminstrative remedies results in lack of subject-matter jurisdiction, which requires dismissal of the compalint. Fed. R. Civ. P. 12(b)(1).

Finally, Plaintiff has failed to properly serve the United States purusant to Rule 4(i) of the Federal Rules of Civil Procedure; accordingly the complaint should be dismissed for improper service of process. Fed. R. Civ. P. 12(b)(4) and 12(b)(5).

**II. ISSUES TO BE DECIDED**

Whether the Plaintiff's complaint against Dr. White should be dismissed and the United States substituted as the sole and proper defendant for Plaintiff's claims, which fall within the scope of the FTCA.

Whether, Plaintiff's complaint should be dismissed in its entirety for failure to exhaust administrative remedies as required by statute.

Whether, Plaintiff's complaint should be dismissed for failure to execute proper service as required under Rule 4(i) of the Federal Rules of Civil Procedure.

**III.   STATEMENT OF FACTS**

On August 10, 2007, Plaintiff filed a form Complaint titled "Personal Injury, Property Damage, Wrongful Death" in Alameda County Superior Court against federal defendant Dr. White of Lifelong Medical Clinic. *See* Ex. A, Complaint. Plaintiff alleges medical malpractice claims for strict liability, negligence, and gross negligence against Dr. White. *See* Ex. A at box 10. Plaintiff alleges that on or about October 17, 2006, he went to Lifelong Medical Clinic and was told that Dr. White did not want to see him. Plaintiff further alleges that on or about February 9, 2007, Dr. White refused to renew his DMV disability placard. *See* Ex A at p. 3 of Prayer for Relief. Plaintiff claims that as a result he lost his car and has suffered injury.

Plaintiff's complaint suffers from a fatal jurisdictional defect. Absent from his complaint are any allegations that Plaintiff complied with the exhaustion requirements set forth in the FTCA. Moreover, Meredith Torres, a Senior Attorney in the General Law Division of the Office of General Counsel of the Department of Health and Human Services, provided a declaration, (which is attahced) stating that she searched for an administrative complaint submitted by

[DEF'S MOTION TO DISMISS AND SUBS PARTY]
[C 07-5516] EDL

1  plaintiff and found none.

2  Although the United States Attorney's Office received a copy of the Summons and Complaint from the Department of Heath and Human Services on October 25, 2007, as of the date of this motion the United States Attorney's Office has not been properly served as required by Rule 4 of the Federal Rules of Civil Procedure.

Finally, on October 30, 2007, the United States Attorney's Office filed a Notice of Removal to remove Plaintiff's case to federal district court.

## IV.  ARGUMENT

### A. Legal Standards

Before filing an answer, the defendant may move to dismiss the complaint for any of the applicable bases set forth in Federal Rule of Civil Procedure 12(b).

#### 1.  Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See e.g., Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004). A motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. *Id*. at 1039 n.2. Plaintiff has failed to allege facts to establish subject matter jurisdiction in this case.

#### 2.  Rules 12(b)(4) and 12(b)(5)

In this case, the United States moves to dismiss for insufficiency of service of process under 12(b)(5). Where the validity of service is contested by a Rule 12 motion, the burden is on the plaintiff to establish the validity of service. *See Curtis v. Treasury Dept.*, Civ. No. C05-04964 MJJ, 2007 WL 1201813 at *2 (N.D. Cal. April 23, 2007). The United States also moves to dismiss for defective process under 12(b)(4). Here, the United States has not been properly served with the complaint or summons.

### B.  Plaintiff's Claims Under the FTCA Should Be Dismissed.

#### 1.  The United States Is the Only Proper Defendant Under The FTCA.

Plaintiff's claims fall within the scope of the FTCA and as such can only be asserted against the United States; therefore Dr. White should be dismissed from this action. The United

States, as sovereign, can be sued only to the extent that it has consented to be sued. *United States v. Sherwood,* 312 U.S. 584, 586 (1941); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). The terms of that consent define a federal court's jurisdiction to entertain such suit. *United States v. Testan*, 424 U.S. 392, 399 (1976). The FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies and/or employees acting within the scope of their employment. *Smith v. United States*, 507 U.S. 197, 201 (1993) (citing 28 U.S.C. §1346(b)). Accordingly, the FTCA provides the only possible jurisdictional basis for Plaintiff's claims. Moreover, the United States is the only proper defendant in claims brought under the FTCA. 28 U.S.C. § 2674 (liability under FTCA is against the United States).

As previously stated, Plaintiff alleges malpractice claims against Dr. White. By providing services to Plaintiff, at the times stated in the complaint, Dr. White was acting within the course and scope of her employement with Lifelong Medical Center; a health center covered by the FTCA. 42 U.S.C. § 233(g)- (n). Because, the United States is the only proper defendant under the FTCA, and the claims alleged fall within the scope of the FTCA, the claims against Dr. White should be dismissed and the United States substituted as a defendant. 28 U.S.C. § 2679 (b)(1) (action against the United States is the exclusive remedy for torts allegedly committee by federal employees); *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) ("The United States is the only peoper defendant in an FTCA action.").

        2.    Plaintiff's Complaint Should Be Dismissed For Failure To Exhaust Administrative Remedies As Required By The FTCA.

Plaintiff's complaint should be dismissed for lack of subject-mater jurisidiction because plaintiff has failed to exhaust his adminstrative remedies as required by statute. Before filing suit under the FTCA, the plaintiff must first make an administrative claim to the appropriate federal agency within two years of the incident. 28 U.S.C. § 2401 (b). The federal agency must either finally deny the claim or fail to reach a final decision within six months of the filing date. *See* 28 U.S.C. § 2675. Here, Plaintiff has failed to file any adminstrative claim with the proper agency; the Department of Health and Human Services. *See* Ex. B, Declaration of Meredith Torres.

Accordingly, Plaintiff has failed to exhaust his administrative remedies, and his Complaint should be dismissed. *Vacek v. USPS*, 447 F.3d 1248, 1250 (9th Cir. 2006).

### C. Plaintiff Has Failed to Properly Serve the United States Under Rule 4(i) of the Federal Rules of Civil Procedure.

Once the United States is substituted as the proper Defendant service of process must be executed properly. Service of process of a complaint against the United States government, or an Agency of the United States government, is controlled by Federal Rule of Civil Procedure 4(i), which requires specific, simultaneous acts of service upon the concerned Agency head, the United States Attorney General's office in Washington, D.C., and the local United States Attorney's Office. *Whale v. United States*, 792 F.2d 951, 953-54 (9th Cir. 1986) (affirming dismissal, held counsel's belief that service on local U.S. Attorney's Office was sufficient inadequate to show good cause or justifiable excuse; Rule 4's requirements must be followed).

Federal Rule of Civil Procedure 4(i) provides in pertinent part:

> (i) **Serving the United States, Its Agencies, Corporations, Officers or Employees.**
> (1) Service upon the United States shall be effected
> (A) by delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought or to an Assistant United States Attorney or clerical employee designated by the United States Attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney and
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered of certified mail to the officer or agency.
> (2)(A) Service upon an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

Fed. R. Civ. P. 4 (i). The rules of service must be followed; actual notice is insufficient. *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996). On October 25, 2007, the United States Attorney's Office received a copy of the Summons and Complaint from the Department of Health and Human Services. As of the date of this motion, the United States Attorney's Office

has not been served in accordance with the Federal Rules. The only pleadings received in this matter are the state court pleadings. *See* Ex. C, Notice of Removal. Accordingly, this case should be dismissed purusant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

### V. CONCLUSION

Plaintiff's complaint should be dismissed without prejudice because he has failed to comply with several procedural prerequisites for bringing this action. First, before bringing his action to district court, the Plaintiff must exhaust his adminsrative remedies with the proper agency. Plaintiff has failed to file any claim with the administrative agency; accordingly his complaint is subject to dsimissal. In addition, because Plaintiff's claims fall within the scope of the FTCA, he must name the United States as the sole defendant in his action. Once, the United States has been substituted as the proper defendant, Plaintiff must comply with the service requirements set forth in Rule 4(i) of the Federal Rules of Civil Procedure. Plaintiff's present complaint fails to satisfy this requirement. Plaintiff's failure to satisfy these prerequisites divests the court of jurisidiction over his claims.

For the foregoing reasons, the Court should grant defendant's motion.

DATED: NOVEMBER 2, 2007         Respectfully submitted,
                                SCOTT N. SCHOOLS
                                United States Attorney


                                        /s/
                                _____
                                MELISSA K. BROWN
                                Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**UNITED STATES' NOTICE OF MOTION AND MOTION TO DISMISS INDIVIDUAL DEFENDANT; TO SUBSTITUTE UNITED STATES AS SOLE DEFENDANT; AND TO DISMISS COMPLAINT**

<u>Jimmie Stringer v. Dr. Vaneida White</u>
C 07-5516 EDL

to be served this date upon each of the persons indicated below at the address shown:

Jimmie Stringer, Pro se
P.O. Box 1421
Oakland, CA 94604

√   **BY FIRST CLASS MAIL** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

___   **BY PERSONAL SERVICE (BY MESSENGER)**: I caused such envelope to be delivered by hand to the person or offices of each addressee above.

___   **BY FACSIMILE (FAX)**: I caused each such document to be sent by facsimile to the person or offices of each addressee above.

___   **BY E-MAIL**: I caused each such document to be sent by e-mail to the person or offices of each address above.

___   **BY FEDERAL EXPRESS**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed November 2, 2007 at San Francisco, California.

/s/
KATHY TERRY
Legal Assistant

[DEF'S MOTION TO DISMISS AND SUBS PARTY]
[C 07-5516] EDL                      8