1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney
2
3  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
4  MELISSA K. BROWN (CSBN 203307)
   Assistant United States Attorney
5  melissa.k.brown@usdoj.gov
6     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
7     Telephone: (415) 436-6962
      FAX: (415) 436-6748
8
   Attorneys for Defendant
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13
   JIMMIE STRINGER,                    )    No. C 07-5516 SI
14                                      )
           Plaintiff,                   )    **UNITED STATES'S RE-NOTICED**
15                                      )    **NOTICE OF MOTION AND MOTION**
       v.                               )    **TO DISMISS INDIVIDUAL**
16                                      )    **DEFENDANT; TO SUBSTITUTE**
                                        )    **UNITED STATES AS SOLE**
17 DR. VANEIDA WHITE                    )    **DEFENDANT; AND TO DISMISS**
                                        )    **COMPLAINT**
           Defendant.                   )
18 _____  )
                                             Date: January 4, 2008
19                                           Time: 9:00 a.m.
                                             Place: Courtroom 10, 19th Floor
20
21                     NOTICE OF MOTION

22        PLEASE TAKE NOTICE that on January 4, 2008 at 9:00 a.m. in Courtroom 10, located

23 on the 19th Floor of 450 Golden Gate Avenue in San Francisco, California, 94105, the defendant

24 Dr. Vaneida White and the United States of America will move this Court pursuant to Federal

25 Rules of Civil Procedure 12(b)(1), 12(b)(4), and 12(b)(5), for an order dismissing the defendant

26 Dr. Vaneida White; and substituting the United States as the sole defendant in this action; and

27 dismissing the Complaint in this action in its entirety for lack of subject-matter jurisdiction and

28 improper service of process.

        This motion is based upon this notice, the following memorandum of points and

1   authorities, the pleadings and papers on file in this action, the reply and such oral argument as the

2   Court may permit.  Plaintiff's opposition to the motion will be due on December 14, 2007, 21

3   days prior to the hearing date.  Defendants' Reply will be due on December 21, 2007, 14 days

4   prior to the hearing date.

5                                              **RELIEF SOUGHT**

6          The moving party seeks an order dismissing the individual defendant Dr. Vaneida White

7   and substituting the United States as the sole defendant in this matter; and dismissing the

8   complaint in its entirety for lack of subject matter jurisdiction due to failure to exhaust

9   administrative remedies; and for failure to properly serve the United States pursuant to Rule 4(i)

10  of the Federal Rules of Civil Procedure.

11                            **MEMORANDUM OF POINTS AND AUTHORITIES**

12      **I.  INTRODUCTION**

13         By his complaint, Plaintiff Jimmie Stringer ("Plaintiff"), seeks to hold Dr. Vaneida White

14  ("Dr. White") liable for medical malpractice.  Dr. White, is an employee of Lifelong Medical

15  Clinic, which is a federally deemed health center under the Federally Supported Health Centers

16  Assistant Act ("FSHCAA"). 42 U.S.C. § 233 (g)-(n).  Pursuant to the FSHCAA, a deemed health

17  center and its employees are covered under the Federal Tort Claims Act 28 U.S.C. § 2671 *et seq*.

18  ("FTCA") for alleged acts of negligence while acting within the course and scope of their

19  employment.  Accordingly, the FTCA provides the exclusive remedy for actions predicated on

20  allegations of injury due to negligence  by employees of a deemed health center. Because

21  Plaintiff's medical malpractice claims fall within the scope of the FTCA, and they are subject to

22  several jurisdictional prerequisites before they can be brought in federal court. Plaintiff has failed

23  to meet these prerequisites; therefore his complaint should be dismissed without prejudice at this

24  time.

25          First, Plaintiff has failed to name the proper defendant in this action.  The only proper

26  defendant in an action under the FTCA is the United States.  Plaintiff's current complaint lists

27  Dr. White as the defendant.  Accordingly, the United States should be substituted as the sole

28  defendant and Dr. White should be dismissed from the action.

1       Second, Plaintiff has failed to exhaust his administrative remedies as required under the

2   FTCA.  28 U.S.C. § 2675(a). Failure to exhaust adminstrative remedies results in lack of subject-

3   matter jurisdiction, which requires dismissal of the compalint. Fed. R. Civ. P. 12(b)(1).

4       Finally, Plaintiff has failed to properly serve the United States purusant to Rule 4(i) of the

5   Federal Rules of Civil Procedure; accordingly the complaint should be dismissed for improper

6   service of process.  Fed. R. Civ. P. 12(b)(4) and 12(b)(5).

7   **II.  ISSUES TO BE DECIDED**

8       Whether the Plaintiff's complaint against Dr. White should be dismissed and the United

9   States substituted as the sole and proper defendant for Plaintiff's claims, which fall within the

10  scope of the FTCA.

11      Whether, Plaintiff's complaint should be dismissed in its entirety for failure to exhaust

12  administrative remedies as required by statute.

13      Whether, Plaintiff's complaint should be dismissed for failure to execute proper service

14  as required under Rule 4(i) of the Federal Rules of Civil Procedure.

15  **III.     STATEMENT OF FACTS**

16      On August 10, 2007, Plaintiff filed a form Complaint titled "Personal Injury, Property

17  Damage, Wrongful Death" in Alameda County Superior Court against federal defendant Dr.

18  White of Lifelong Medical Clinic.  *See* Ex. A, Complaint. Plaintiff alleges medical malpractice

19  claims for strict liability, negligence, and gross negligence against Dr. White. *See* Ex. A at box

20  10.  Plaintiff alleges that on or about October 17, 2006, he went to Lifelong Medical Clinic and

21  was told that Dr. White did not want to see him. Plaintiff further alleges that on or about

22  February 9, 2007, Dr. White refused to renew his DMV disability placard. *See* Ex A at p. 3 of

23  Prayer for Relief.  Plaintiff claims that as a result he lost his car and has suffered injury.

24      Plaintiff's complaint suffers from a fatal jurisdictional defect. Absent from his complaint

25  are any allegations that Plaintiff complied with the exhaustion requirements set forth in the

26  FTCA.  Moreover, Meredith Torres, a Senior Attorney in the General Law Division of the Office

27  of General Counsel of the Department of Health and Human Services, provided a declaration,

28  (which is atthaced) stating that she searched for an administrative complaint submitted by

1  plaintiff and found none.

2  Although the United States Attorney's Office received a copy of the Summons and

3  Complaint from the Department of Heath and Human Services on October 25, 2007, as of the

4  date of this motion the United States Attorney's Office has not been properly served as required

5  by Rule 4 of the Federal Rules of Civil Procedure.

6  Finally, on October 30, 2007, the United States Attorney's Office filed a Notice of

7  Removal to remove Plaintiff's case to federal district court.

8  **IV.    ARGUMENT**

9  **A. Legal Standard**s

10  Before filing an answer, the defendant may move to dismiss the complaint for any of the

11  applicable bases set forth in Federal Rule of Civil Procedure 12(b).

12  1.    Rule 12(b)(1)

13  ____A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court.

14  *See e.g., Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), cert.

15  denied, 541 U.S. 1009 (2004).  A motion will be granted if the complaint, when considered in its

16  entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction.  *Id.* at

17  1039 n.2. Plaintiff has failed to allege facts to establish subject matter jurisdiction in this case.

18  2.    Rules 12(b)(4) and 12(b)(5)

19  In this case, the United States moves to dismiss for insufficiency of service of process

20  under 12(b)(5).  Where the validity of service is contested by a Rule 12 motion, the burden is on

21  the plaintiff to establish the validity of service.  *See Curtis v. Treasury Dept.*, Civ. No. C05-

22  04964 MJJ, 2007 WL 1201813 at *2 (N.D. Cal. April 23, 2007).  The United States also moves

23  to dismiss for defective process under 12(b)(4).  Here, the United States has not been properly

24  served with the complaint or summons.

25  **B.    Plaintiff's Claims Under the FTCA Should Be Dismissed.**

26  1.    The United States Is the Only Proper Defendant Under The FTCA.

27  Plaintiff's claims fall within the scope of the FTCA and as such can only be asserted

28  against the United States; therefore Dr. White should be dismissed from this action.  The United

1   States, as sovereign, can be sued only to the extent that it has consented to be sued.  *United States*

2   *v. Sherwood,* 312 U.S. 584, 586 (1941); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.

3   1985).  The terms of that consent define a federal court's jurisdiction to entertain such suit.

4   *United States v. Testan*, 424 U.S. 392, 399 (1976).  The FTCA is the exclusive waiver of

5   sovereign immunity for actions sounding in tort against the United States, its agencies and/or

6   employees acting within the scope of their employment.  *Smith v. United States*, 507 U.S. 197,

7   201 (1993) (citing 28 U.S.C. §1346(b)).  Accordingly, the FTCA provides the only possible

8   jurisdictional basis for Plaintiff's claims.  Moreover, the United States is the only proper

9   defendant in claims brought under the FTCA.  28 U.S.C. § 2674 (liability under FTCA is against

10  the United States).

11          As previously stated, Plaintiff alleges malpractice claims against Dr. White.  By

12  providing services to Plaintiff, at the times stated in the complaint, Dr. White was acting within

13  the course and scope of her employement with Lifelong Medical Center; a health center covered

14  by the FTCA. 42 U.S.C. § 233(g)- (n).  Because, the United States is the only proper defendant

15  under the FTCA, and the claims alleged fall within the scope of the FTCA, the claims against Dr.

16  White should be dismissed and the United States substituted as a defendant.  28 U.S.C. § 2679

17  (b)(1) (action against the United States is the exclusive remedy for torts allegedly committee by

18  federal employees);  *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) ("The United

19  States is the only peoper defendant in an FTCA action.").

20                    2.      Plaintiff's Complaint Should Be Dismissed For Failure To Exhaust
                              Administrative Remedies As Required By The FTCA.
21
22          Plaintiff's complaint should be dismissed for lack of subject-mater jurisdiction because

23  plaintiff has failed to exhaust his adminstrative remedies as required by statute.  Before filing suit

24  under the FTCA, the plaintiff must first make an administrative claim to the appropriate federal

25  agency within two years of the incident.  28 U.S.C. § 2401 (b).  The federal agency must either

26  finally deny the claim or fail to reach a final decision within six months of the filing date.  *See* 28

27  U.S.C. § 2675.  Here, Plaintiff has failed to file any adminstrative claim with the proper agency;

28  the Department of Health and Human Services. *See* Ex. B, Declaration of Meredith Torres.

1    Accordingly, Plaintiff has failed to exhaust his administrative remedies, and his Complaint

2    should be dismissed.  *Vacek v. USPS*, 447 F.3d 1248, 1250 (9th Cir. 2006).

3    **C. Plaintiff Has Failed to Properly Serve the United States Under Rule 4(i) of the**
     **Federal Rules of Civil Procedure.**

4
5            Once the United States is substituted as the proper Defendant service of process must be

6    executed properly.  Service of process of a complaint against the United States government, or an

7    Agency of the United States government, is controlled by Federal Rule of Civil Procedure 4(i),

8    which requires specific, simultaneous acts of service upon the concerned Agency head, the

9    United States Attorney General's office in Washington, D.C., and the local United States

10   Attorney's Office.  *Whale v. United States*, 792 F.2d 951, 953-54 (9th Cir. 1986) (affirming

11   dismissal, held counsel's belief that service on local U.S. Attorney's Office was sufficient

12   inadequate to show good cause or justifiable excuse; Rule 4's requirements must be followed).

13           Federal Rule of Civil Procedure 4(i) provides in pertinent part:

14                   (i) **Serving the United States,  Its Agencies, Corporations, Officers or**
                     **Employees.**
15                   (1)  Service upon the United States shall be effected
                     (A)  by delivering a copy of the summons and of the complaint to the
16           United States Attorney for the district in which the action is brought or to
             an Assistant United States Attorney or clerical employee designated by the
17           United States Attorney in a writing filed with the clerk of the court or by
             sending a copy of the summons and of the complaint by registered or
18           certified mail addressed to the civil process clerk at the office of the
             United States Attorney and
19                   (B)  by also sending a copy of the summons and of the complaint by
             registered or certified mail to the Attorney General of the United States at
20           Washington, District of Columbia, and
                     (C)  in any action attacking the validity of an order of an officer or agency
21           of the United States not made a party, by also sending a copy of the
             summons and of the complaint by registered of certified mail to the officer
22           or agency.
                     (2)(A)  Service upon an agency or corporation of the United States, or an
23           officer or employee of the United States sued only in an official capacity,
             is effected by serving the United States in the manner prescribed by Rule
24           4(i)(1) and by also sending a copy of the summons and complaint by
             registered or certified mail to the officer, employee, agency, or
             corporation.
25   Fed. R. Civ. P. 4 (i).  The rules of service must be followed; actual notice is insufficient.  *Tuke v.*

26   *United States*, 76 F.3d 155, 156 (7th Cir. 1996).  On October 25, 2007, the United States

27   Attorney's Office received a copy of the Summons and Complaint from the Department of

28   Health and Human Services.  As of the date of this motion, the United States Attorney's Office

has not been served in accordance with the Federal Rules. The only pleadings received in this matter are the state court pleadings. *See* Ex. C, Notice of Removal.   Accordingly, this case should be dismissed purusant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

## V. CONCLUSION

Plaintiff's complaint should be dismissed without prejudice because he has failed to comply with several procedural prerequisites for bringing this action.  First, before bringing his action to district court, the Plaintiff must exhaust his adminsrative remedies with the proper agency.  Plaintiff has failed to file any claim with the administrative agency; accordingly his complaint is subject to dsimissal.  In addition, because Plaintiff's claims fall within the scope of the FTCA, he must name the United States as the sole defendant in his action. Once, the United States has been substituted as the proper defendant, Plaintiff must comply with the service requirements set forth in Rule 4(i) of the Federal Rules of Civil Procedure.  Plaintiff's present complaint fails to satisfy this requirement.  Plaintiff's failure to satisfy these prerequisites divests the court of jurisidiction over his claims.

For the foregoing reasons, the Court should grant defendant's motion.

DATED: NOVEMBER 28, 2007          Respectfully submitted,
                                  SCOTT N. SCHOOLS
                                  United States Attorney

                                       /s/

                                  _____
                                  MELISSA K. BROWN
                                  Assistant United States Attorney

1

## CERTIFICATE OF SERVICE

2      The undersigned hereby certifies that she is an employee of the Office of the United States

3  Attorney for the Northern District of California and is a person of such age and discretion to be

4  competent to serve papers.  The undersigned further certifies that she is causing a copy of the

5  following:

6

7  **UNITED STATES'S RE-NOTICED NOTICE OF MOTION AND MOTION TO DISMISS
   INDIVIDUAL DEFENDANT; TO SUBSTITUTE UNITED STATES AS SOLE
   DEFENDANT; AND TO DISMISS COMPLAINT**

8
                              Jimmie Stringer v. Dr. Vaneida White
9                                    C 07-5516 EDL

10  to be served this date upon each of the persons indicated below at the address shown:

11  Jimmie Stringer, Pro se
    P.O. Box 1421
12  Oakland, CA 94604

13

14    √          **BY FIRST CLASS MAIL** by placing a true copy thereof in a sealed envelope
                 with postage thereon fully prepaid in the designated area for outgoing U.S. mail in
15               accordance with this office's practice.

16    _____     **BY PERSONAL SERVICE (BY MESSENGER)**: I caused such envelope to be
                 delivered by hand to the person or offices of each addressee above.
17
18    _____     **BY FACSIMILE (FAX)**: I caused each such document to be sent by facsimile to
                 the person or offices of each addressee above.

19    _____     **BY E-MAIL**: I caused each such document to be sent by e-mail to the person or
                 offices of each address above.
20
21    _____     **BY FEDERAL EXPRESS**

22        I declare under penalty of perjury under the laws of the State of California that the

23  foregoing is true and correct.  Executed November 28, 2007 at San Francisco, California.

24
                                        _____/s/_____
25                                      KATHY TERRY
                                        Legal Assistant
26

27

28

DEF'S RE-NOTICED MOTION TO DISMISS AND SUBS PARTY
C 07-5516 SI                              8