JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. BROWN (CSBN 203307)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    FAX: (415) 436-6748
    melissa.k.brown@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JIMMIE STRINGER, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DR. VANEIDA WHITE ) <br> ) <br>     Defendant. ) <br> _____ ) | No. C 07-5516 SI <br><br> **UNITED STATES'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS INDIVIDUAL DEFENDANT; TO SUBSTITUTE UNITED STATES AS SOLE DEFENDANT; AND TO DISMISS COMPLAINT** <br><br> Date: January 25, 2008 <br> Time: 9:00 a.m. <br> Place: Courtroom 10, 19th Floor |

### I. INTRODUCTION

By his complaint, Plaintiff Jimmie Stringer ("Plaintiff") seeks to hold Dr. Vaneida White ("Dr. White") liable for medical malpractice. Specifically, Plaintiff alleges that Dr. White's refusal to renew his DMV disability placard caused him to lose his car and incur damages. Dr. White, is an employee of Lifelong Medical Clinic, which is a federally deemed health center, and as such any tort claims filed against the Clinic or its employees are covered under the Federal Tort Claims Act ("FTCA"). 42 U.S.C. § 233 (g)-(n); 28 U.S.C. § 2671 *et seq*.

The FTCA is a limited waiver of sovereign immunity by the United States for claims arising in tort; that waiver is conditioned upon claimants following certain procedural requirements before bringing a claim. The failure to satisfy those requirements deprives the

1  district court of subject matter jurisdiction and should result in dismissal of the defective
2  complaint.
3      Plaintiff's complaint should be dismissed because he has failed to satisfy several
4  jurisdictional prerequisites for bringing this action.  First, before bringing his action to district
5  court, a plaintiff must exhaust his administrative remedies with the proper agency.  Here,
6  Plaintiff has failed to file any claim with the Department of Health and Human Services, which is
7  the proper administrative agency; accordingly his complaint should be dismissed for failure to
8  exhaust administrative remedies.  In addition, because Plaintiff's claims fall within the scope of
9  the FTCA, he must name the United States as the sole defendant in his action. Once, the United
10 States has been substituted as the proper defendant, Plaintiff must comply with the service
11 requirements set forth in Rule 4(i) of the Federal Rules of Civil Procedure.  Plaintiff's present
12 complaint fails to satisfy this requirement, *i.e.* the United States has not been properly served.
13 Plaintiff's failure to satisfy these prerequisites divests the Court of jurisdiction over his claims.[1]

**II.  STATEMENT OF FACTS**

15      On August 10, 2007, Plaintiff filed a form Complaint titled "Personal Injury, Property
16 Damage, Wrongful Death" in Alameda County Superior Court against federal defendant Dr.
17 White of Lifelong Medical Clinic.  *See* Def. Motion to Dismiss at Ex. A. Plaintiff alleges medical
18 malpractice claims for strict liability, negligence, and gross negligence against Dr. White. *Id*.
19 Plaintiff alleges that on or about October 17, 2006, he went to Lifelong Medical Clinic and was
20 told that Dr. White did not want to see him. Plaintiff further alleges that on or about February 9,
21 2007, Dr. White's refusal to renew his DMV disability placard caused him to lose his car and
22 incur damages.  *Id*.
23      Plaintiff's complaint suffers from several fatal jurisdictional defects. Absent from his
24 complaint are any allegations that Plaintiff complied with the exhaustion requirements set forth

---

[1] It should be noted that Plaintiff has failed to file an Opposition to the United States' Motion to Dismiss. And, to the extent that Plaintiff Stringer's one-sentence Motion to Remand is deemed an Opposition, it fails to address the issues raised by Defendant's Motion to Dismiss. Accordingly, this case should also be dismissed for failure to prosecute.

in the FTCA. Moreover, Meredith Torres, a Senior Attorney in the General Law Division of the Office of General Counsel of the Department of Health and Human Services, provided a declaration stating that she searched for an administrative complaint submitted by Plaintiff and found none. *Id*. at Ex. B. In addition, Plaintiff has failed to properly serve the United States. Although the United States Attorney's Office received a copy of the Summons and Complaint from the Department of Health and Human Services on October 25, 2007, as of the date of this Reply brief the United States Attorney's Office has not been properly served as required by Rule 4 of the Federal Rules of Civil Procedure.

On October 30, 2007, the United States Attorney's Office filed a Notice of Removal to remove Plaintiff's case to federal district court. On November 2, 2007, the United States moved to dismiss Plaintiff's complaint. On November 19, 2007, Plaintiff filed a one-sentence "Motion to Remand to Superior Court." On November 28, 2007, the United States served and filed a Re-Noticed Notice of Motion and Motion to Dismiss. To the undersigned's knowledge, Plaintiff has not filed and served any other pleadings in this action.

### III.    ARGUMENT

#### A.    Legal Standards

Before filing an answer, the defendant may move to dismiss a complaint for any of the applicable bases set forth in Federal Rule of Civil Procedure 12(b).

##### 1.    Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See e.g., Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004). A motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. *Id*. at 1039 n.2. Here, Plaintiff has failed to allege facts to establish subject matter jurisdiction; accordingly, the complaint should be dismissed.

##### 2.    Rules 12(b)(4) and 12(b)(5)

Additionally, the United States moves to dismiss for insufficiency of service of process under 12(b)(5). Where the validity of service is contested by a Rule 12 motion, the burden is on

the plaintiff to establish the validity of service. *See Curtis v. Treasury Dept.*, Civ. No. C05-04964 MJJ, 2007 WL 1201813 at *2 (N.D. Cal. April 23, 2007). The United States also moves to dismiss for defective process under 12(b)(4) because the United States has not been properly served with the complaint or summons.

### B. Plaintiff's Complaint Should Be Dismissed.

#### 1. The United States Is the Only Proper Defendant Under The FTCA.

As discussed in detail in Defendant's opening papers, the United States is the only proper defendant under the FTCA. Plaintiff alleges that Dr. White engaged in medical malpractice by failing to provide medical services related to his DMV placard. Because Dr. White was acting within the course and scope of her employment with Lifelong Medical Center, at the times alleged in the complaint, Plaintiff's claim is covered by the FTCA. Accordingly, the United States must be substituted for Dr. White as the sole defendant in this action. 28 U.S.C. § 2674 (liability under FTCA is against the United States); 28 U.S.C. § 2679 (b)(1) (action against the United States is the exclusive remedy for torts allegedly committee by federal employees); *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) ("The United States is the only proper defendant in an FTCA action.").

#### 2. Plaintiff's Complaint Should Be Dismissed For Failure To Exhaust Administrative Remedies As Required By The FTCA.

Plaintiff's complaint should be dismissed for lack of subject mater jurisdiction because plaintiff has failed to exhaust his administrative remedies as required by statute. The United States, as sovereign, can be sued only to the extent that it has consented to be sued. *United States v. Sherwood,* 312 U.S. 584, 586 (1941); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). The terms of that consent define a federal court's jurisdiction to entertain such suit. *United States v. Testan*, 424 U.S. 392, 399 (1976). The FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies and/or employees acting within the scope of their employment. *Smith v. United States*, 507 U.S. 197, 201 (1993) (citing 28 U.S.C. §1346(b)). However, that waiver of sovereign immunity is conditioned upon a plaintiff's compliance with certain procedural requirements. A party's failure to satisfy those requirements is a basis to dismiss a complaint.

DEF'S REPLY BRIEF ISO MOTION TO DISMISS
C 07-5516 SI                                    4

Before filing suit under the FTCA, the plaintiff must first make an administrative claim to the appropriate federal agency within two years of the incident. 28 U.S.C. § 2401(b). The federal agency must either finally deny the claim or fail to reach a final decision within six months of the filing date. *See* 28 U.S.C. § 2675. Here, Plaintiff has failed to file any administrative claim with the proper agency, *i.e.*, the Department of Health and Human Services.[2] Because Plaintiff has failed to exhaust his administrative remedies, his Complaint should be dismissed. *Vacek v. USPS*, 447 F.3d 1248, 1250 (9th Cir. 2006).

### C. Plaintiff Has Failed to Properly Serve the United States Under Rule 4(i) of the Federal Rules of Civil Procedure.

Plaintiff's complaint is defective for yet another reason - failure to properly serve the United States. Service of process of a complaint against the United States government, or an Agency of the United States government, is controlled by Federal Rule of Civil Procedure 4(i), which requires specific, simultaneous acts of service upon the concerned Agency head, the United States Attorney General's office in Washington, D.C., and the local United States Attorney's Office. *Whale v. United States*, 792 F.2d 951, 953-54 (9th Cir. 1986) (affirming dismissal, held counsel's belief that service on local U.S. Attorney's Office was sufficient inadequate to show good cause or justifiable excuse; Rule 4's requirements must be followed).

The rules of service must be followed; actual notice is insufficient. *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996). On October 25, 2007, the United States Attorney's Office received a copy of the Summons and Complaint from the Department of Health and Human Services. As of the date of this Reply brief, January 11, 2008, the United States Attorney's Office has not been served in accordance with the Federal Rules. The only pleadings received in this matter are the state court pleadings. *See* Def. Motion to Dismiss, Ex. C. Accordingly, this case should be dismissed pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

---

[2]*See* Def. Motion to Dismiss, Ex. B, Declaration of Meredith Torres; *cf Thornhill Publishing Co. v. General Telephone & Elec.*, 594 F.2d 730, 733 (9th Cir. 1979)(reasoning a court may consider extrinsic evidence when deciding a motion to dismiss for lack of subject matter jurisdiction).

DEF'S REPLY BRIEF ISO MOTION TO DISMISS
C 07-5516 SI                                    5

## V. CONCLUSION

For the foregoing reasons, the Court should grant United States' motion to dismiss.

DATED: January 11, 2008                    Respectfully submitted,

                                                   JOSEPH P. RUSSONIELLO
                                                   United States Attorney

                                                              /s/

                                               _____
                                               MELISSA K. BROWN
                                               Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**UNITED STATES'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS INDIVIDUAL DEFENDANT; TO SUBSTITUTE UNITED STATES AS SOLE DEFENDANT; AND TO DISMISS COMPLAINT**

Jimmie Stringer v. Dr. Vaneida White
C 07-5516 EDL

to be served this date upon each of the persons indicated below at the address shown:

Jimmie Stringer, Pro se
P.O. Box 1421
Oakland, CA 94604

√  **BY FIRST CLASS MAIL** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

___  **BY PERSONAL SERVICE (BY MESSENGER)**: I caused such envelope to be delivered by hand to the person or offices of each addressee above.

___  **BY FACSIMILE (FAX)**: I caused each such document to be sent by facsimile to the person or offices of each addressee above.

___  **BY E-MAIL**: I caused each such document to be sent by e-mail to the person or offices of each address above.

___  **BY FEDERAL EXPRESS**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed January 11, 2008 at San Francisco, California.

           /s/
KATHY TERRY
Legal Assistant

DEF'S REPLY BRIEF ISO MOTION TO DISMISS
C 07-5516 SI                                        7