JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. BROWN (CSBN 203307)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    FAX: (415) 436-6748
    melissa.k.brown@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JIMMIE STRINGER,<br><br>    Plaintiff,<br><br>v.<br><br>DR. VANEIDA WHITE<br><br>    Defendant. | No. C 07-5516 SI<br><br>**UNITED STATES'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS INDIVIDUAL DEFENDANT; TO SUBSTITUTE UNITED STATES AS SOLE DEFENDANT; AND TO DISMISS COMPLAINT**<br><br>Date: January 25, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 10, 19th Floor |

### I.    INTRODUCTION

Plaintiff Jimmie Stringer ("Plaintiff") has sued Dr. Vaneida White ("Dr. White") for medical malpractice, and for failure to comply with the Americans with Disabilities Act ("ADA"). Specifically, Plaintiff alleges that Dr. White's refusal to renew his DMV disability placard caused him to lose his car and incur damages. Dr. White is an employee of Lifelong Medical Clinic, which is a federally deemed health center. 42 U.S.C. § 233 (g)-(n).

Per this Court's January 24, 2008 order, the Federal Defendant must address the question of "whether plaintiff's ADA claim or claims, . . . are embraced by the motion to dismiss and whether the United States is the proper defendant to these potential claims." Jan. 24, 2008 Order.

Defendant maintains that Plaintiff's potential ADA claims are covered by her Motion to

Dismiss and that the United States is not the proper defendant for Plaintiff's potential ADA claims. The ADA claims must be dismissed for two reasons. First, Plaintiff's entire complaint, including any potential ADA claims, must be dismissed due to lack of proper service pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). In its Motion to Dismiss, Defendant argued that the entire complaint should be dismissed due to lack of proper service. Second, Plaintiff's complaint should be dismissed due to lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A challenge to subject matter jurisdiction can be raised at any time. Here, dismissal of Plaintiff's potential ADA claims is proper because the United States has not waived its sovereign immunity to be sued under the ADA. Moreover, Plaintiff failed to refer to any particular section of the ADA, which fails to meet the notice requirements of the Federal Rules of Civil Procedure.

## II.     STATEMENT OF RELEVANT FACTS

On August 10, 2007, Plaintiff filed a form Complaint titled "Personal Injury, Property Damage, Wrongful Death" in Alameda County Superior Court against federal defendant Dr. White. *See* Complaint at 1. Plaintiff alleges that on or about February 9, 2007, Dr. White's refusal to renew his DMV disability placard caused him to lose his car and incur damages. *Id*. at 3. In the portion of his complaint titled "Prayer for Relief Under Tort Laws" Plaintiff alleges that Dr. White's refusal violated the ADA. *Id*. at 5 - 6.

## III.     PROCEDURAL HISTORY

On October 30, 2007, the United States Attorney's Office removed Plaintiff's case to federal district court. On November 2, 2007, the United States moved to dismiss Plaintiff's complaint. On November 19, 2007, Plaintiff filed a one-sentence "Motion to Remand to Superior Court." On November 28, 2007, the United States served and filed a Re-Noticed Notice of Motion and Motion to Dismiss. To the undersigned's knowledge, Plaintiff has not filed and served any other pleadings in this action. On January 23, 2008, the Court issued an Order requesting the United States to provide oral argument with respect to Plaintiff's potential ADA claims. On January 24, 2008, Plaintiff contacted the office of the United States Attorney for the Northern District of California to inform counsel that he could not appear for oral argument on

January 25, 2008 due to indigence. Pursuant to Court Order issued on January 24, 2008 oral argument with respect to Defendant's Motion to Dismiss was vacated and the Court requested this supplemental brief.

Defendant incorporates by reference the prior discussion of Plaintiff's jurisdictional deficiencies.

**IV.     ISSUE TO BE ADDRESSED**

Whether plaintiff's ADA claim or claims, *see* Complaint at ¶6, page 6, are encompassed by the motion to dismiss and whether the United States is the proper defendant to these potential claims.

**V. ARGUMENT**

    **A.     Legal Standard**s

Before filing an answer, the defendant may move to dismiss a complaint for any of the applicable grounds set forth in Federal Rule of Civil Procedure 12(b).

    1.     <u>Rule 12(b)(1)</u>

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See e.g., Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). A motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. *Id*. at 1039 n.2.

The United States, as sovereign, can be sued only to the extent that it has consented to be sued. *United States v. Sherwood,* 312 U.S. 584, 586 (1941); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Moreover, the terms of that consent define a federal court's jurisdiction to entertain such suit. *United States v. Testan*, 424 U.S. 392, 399 (1976). "A waiver of the Federal government's sovereign immunity must be unequivocally expressed in statutory text.[...] Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign" *Lane v. Pena*, 518 U.S. 187, 192 (1996)(internal citations omitted). Here, Plaintiff cannot allege facts to establish subject matter jurisdiction over his potential ADA claims; accordingly, the complaint should be dismissed.

  2. <u>Rules 12(b)(4) and 12(b)(5)</u>

Additionally, the United States moves to dismiss for insufficiency of service of process under 12(b)(5). Where the validity of service is contested by a Rule 12 motion, the burden is on the plaintiff to establish the validity of service. *See Curtis v. Treasury Dept.*, Civ. No. C05-04964 MJJ, 2007 WL 1201813 at *2 (N.D. Cal. April 23, 2007). The United States also moves to dismiss for defective process under 12(b)(4) because the United States has not been properly served with the complaint or summons. Plaintiff's failure to properly serve the United States should result in dismissal of the entire complaint.

  **B.** **Plaintiff's ADA Claims Are Covered By The United States' Motion To Dismiss.**

The United States has moved to dismiss Plaintiff's entire complaint due to lack of proper service under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). The United States cannot waive the service requirements. The United States maintains that lack of proper service applies to any claims raised by Plaintiff including potential claims under the ADA. Where the validity of service is contested by a Rule 12 motion, the burden is on the plaintiff to establish the validity of service. *See Curtis v. Treasury Dept.*, Civ. No. C05-04964 MJJ, 2007 WL 1201813 at *2 (N.D. Cal. April 23, 2007). Plaintiff has not and cannot show that he properly served the United States.

  **C.** **The United States Is Not Subject To Suit Under the ADA.**

Arguably, Plaintiff's Third and Sixth claims for relief assert causes of action premised upon the ADA. *See* Complaint at 6. Specifically, Plaintiff's Third Claim For Relief states, in pertinent part,

> Due to refusing to comply with American Disability Act by not allowing Plaintiff the right to permanent disable [*sic*] card to avoid extreme level of stress that has cost plaintiff financially as well as physically and emotionally throughout.

*Id*. Plaintiff's Sixth Claim for Relief states, in relevant part,

> Discrimination of rights under American with Disabilities Act for the profiling of a physically disable [*sic*] black man not offering proven care after the plaintiff brought to the attention of Dr. White the medical records plaintiff brought from Atlanta GA to prevent any unwanton profiling.

*Id*. Although Plaintiff does not refer to any specific provision of the ADA in his claims for relief,
DEF'S SUPPLEMENTAL BRIEF ISO MOTION TO DISMISS
C 07-5516 SI          4

it appears that these allegations are made pursuant to Title II of the ADA.[1]  Title II of the ADA prohibits discrimination by public entities in the provision of services on the basis of disability. *See* 42 U.S.C. § 12132.  Specifically, Title II of the ADA states:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.  If plaintiff seeks to assert claims under Title II of the ADA, then his claims fail. The Ninth Circuit has held that Title II of the ADA does not apply to the federal government or its agencies. *See Zimmerman v. Oregon Department of Justice*, 170 F.3d 1169, 1173 (9th Cir. 1999) (referring to the fact that the term "public entity" as used in Title II of the ADA refers only to state and local government agencies); *see also Gupta v. United States*, 1997 WL 792330 at *2 (C.D. Cal. June 10, 1997) (finding the statute does not apply to the federal government by definition); *Gray v. United States*, 69 Fed.Cl. 95, 101 (2005) (noting, a federally deemed health center could not be sued under Title II of the ADA).

Furthermore, Title II does not apply to individual defendants, but only prohibits discrimination by public entities; accordingly Dr. White would not be a proper defendant pursuant to Title II of the ADA.  42 U.S.C. § 12131.

Because Congress has not waived the United States's sovereign immunity with respect to the ADA, this Court has no subject matter jurisdiction over Plaintiff's claims under the ADA and those claims must be dismissed.[2]

---

[1] Plaintiff's failure to state which statutory provisions of the ADA are applicable to his claims or to cite to the statute at all is a basis to dismiss his claims. *Rodgers v. Henderson*, Civ. No. C 99-3012SI, 2000 WL 288384 at *3 (N.D. Cal. March 13, 2000) (Illston J.) It should be noted that Plaintiff's only statutory citation to the ADA is to 42 U.S.C. §12182 and is followed by a notation, which states that section does not apply. Complaint at 8.  This is not sufficient to provide notice to Defendant of Plaintiff's claims under Rule 8(a) of the Federal Rules of Civil Procedure.  Especially here, where Plaintiff has attached several pages to his complaint that simply list statutory references.

[2] It should be noted without waiving any objections to statute of limitations or other possible basis, that Plaintiff may attempt to allege claims for disability discrimination against the federal government under Section 504 of the Rehabilitation Act. 29 U.S.C. § 794(a).  Claims

### VI. CONCLUSION

For the foregoing reasons, the Court should grant United States' motion to dismiss.

DATED: January 28, 2008
          Respectfully submitted,
          JOSEPH P. RUSSONIELLO
          United States Attorney

          /s/

          _____
          MELISSA K. BROWN
          Assistant United States Attorney

---

under the current complaint however are not viable and should be dismissed for two reasons. First, Plaintiff expressly disavows the applicability of Section 504 in his Prayer for Relief. Complaint at 8. Second, Plaintiff seeks only monetary damages by his complaint, however monetary damages are not available under Section 504 of the Rehabilitation Act. *Lane*, 518 U.S. at 192 (holding, Congress has not waived the federal government's sovereign immunity with respect to claims for monetary damages brought pursuant to Section 504 of the Rehabilitation Act). Moreover, it appears that some of Plaintiff's claims would be barred by the one-year statute of limitations governing claims brought under Section 504 of the Rehabilitation Act. *Wood v. Vista Manor Nursing Cntr.*, Civ. No. C 06-01682 JW, 2006 WL 2850045 at *6 (N.D. Cal. Oct. 5, 2006).

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**UNITED STATES'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS INDIVIDUAL DEFENDANT; TO SUBSTITUTE UNITED STATES AS SOLE DEFENDANT; AND TO DISMISS COMPLAINT**

<u>Jimmie Stringer v. Dr. Vaneida White</u>
C 07-5516 EDL

to be served this date upon each of the persons indicated below at the address shown:

Jimmie Stringer, Pro se
P.O. Box 1421
Oakland, CA 94604

__√__   **BY FIRST CLASS MAIL** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____   **BY PERSONAL SERVICE (BY MESSENGER)**: I caused such envelope to be delivered by hand to the person or offices of each addressee above.

_____   **BY FACSIMILE (FAX)**: I caused each such document to be sent by facsimile to the person or offices of each addressee above.

_____   **BY E-MAIL**: I caused each such document to be sent by e-mail to the person or offices of each address above.

_____   **BY FEDERAL EXPRESS**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed January 28, 2008 at San Francisco, California.

_____
/s/
MANIK BOWIE
Legal Assistant