IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STRINGER,<br><br>    Plaintiff,<br><br> v.<br><br>DR. VANEIDA WHITE<br><br>    Defendants.<br>_____/ | No. C-07-5516 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SUBSTITUTE PARTY AND TO DISMISS COMPLAINT** |

   Currently before the Court is defendant's motion to dismiss defendant White and substitute the United States in her place, as well as defendant's motion and to dismiss plaintiff's action. Also before the Court is plaintiff's motion to remand the case to state court. The matter was scheduled for a hearing on January 25, 2008. Plaintiff was unable to appear for the scheduled hearing, however, and the Court vacated the hearing. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court hereby GRANTS defendant's motions and dismisses the action without prejudice. The Court DENIES plaintiff's motion to remand.

**BACKGROUND**

**1. Factual background**

   On August 10, 2007, plaintiff Jimmie Stringer, proceeding *in pro per*, filed suit in state court against defendant Vaneida White, M.D., of Lifelong Medical Clinic ("Lifelong"), alleging medical

malpractice, infliction of emotional distress, personal injury, and discrimination under the Americans with Disabilities Act ("ADA"). Plaintiff alleges the following: 1) that on October 27, 2006, he went to Lifelong for a medical visit due to severe pain in his right foot and was told that defendant White did not want to see him[1]; (2) that defendant failed to properly treat him when he was suffering from internal bleeding caused by prescription medication; (3) that on February 9, 2007, defendant refused to renew plaintiff's handicapped placard, which caused plaintiff to receive multiple parking citations and ultimately lose his car and incur damages; and (4) that defendant White discriminated against him under the ADA by refusing to provide him with proper care because plaintiff is a "physically disable[d] Black man."

### 2.     Procedural background

Plaintiff originally filed this lawsuit in Alameda County Superior Court on August 10, 2007. On October 30, 2007, the United States Attorney filed removed the action to this court, on the ground that defendant White is a physician employed by Lifelong, which is a federal health center. The United States Attorney (authorized by the Attorney General pursuant to 28 C.F.R. § 15.3) certified that Dr. White was acting within the course and scope of her employment at all times relevant to plaintiff's claims.[2] Notice or Removal, ¶ 5. The certification states, *inter alia*,

> Dr. Vaneida White is an employee of the Lifelong Medical Clinic, a federally deemed health center. Pursuant to the Federally Supported Health Centers Assistance Act, 42. U.S.C. § 233(g)-(n), Dr. White is

---

[1] Plaintiff alleges he suffers from Charcot-Marie-Tooth disease, an inherited, degenerative nerve disorder that causes muscle weakness and atrophy in the feet, legs, hands, and forearms.

[2] Meredith Torres, the Senior Attorney for Claims and Employment Law at HHS, also declared that Lifelong was first deemed eligible for the FTCA malpractice coverage effective February 1, 1998. She states that copies of the notifications by an Assistant Surgeon General to Lifelong Medical are attached to her declaration as Exhibit 1. Def's Motion to Dismiss, ex. B. However, the United States did not provide the Court with these notifications.

2

> covered under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80. On the basis of those citations and certain other information provided to me, pursuant to the provisions of 28 U.S.C. § 2679(d) . . . I hereby certify that Dr. Vaneida White was acting within the course and scope of her employment with Lifelong Medical Clinic.

Certification Pursuant to 28 U.S.C. § 2679(d) at ¶ 2.

On November 2, 2007, the United States moved to dismiss White as defendant, to substitute the United States as sole defendant in this action, and to dismiss the complaint in its entirety for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for improper service of process under Rule 4(i). On November 19, 2007, plaintiff filed a motion to remand this case to the Superior Court of Alameda County. These motions are currently before the Court.

## LEGAL STANDARDS

**1.    Subject matter jurisdiction**

Federal courts are courts of limited jurisdiction and can only adjudicate cases authorized by the U.S. Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court does not have the authority to adjudicate the case before it when subject matter jurisdiction is lacking. *Id.* A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A motion to dismiss will be granted only if the plaintiff has failed to allege an element necessary for subject matter jurisdiction under a given statute. *See* 2A James W. Moore et.al., Moore's Federal Practice ¶¶ 12.07-2.1 (2d ed. 1987).

### 2. Motion to remand

A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); *Salveson v. Western States Bankcard Ass'n*, 525 F.Supp. 566, 571 (N.D. Cal. 1981), *aff'd in part, rev'd in part*, 731 F.2d 1423 (9th Cir. 1984); Schwarzer, Tashima, Wagstaffe, Federal Civil Procedure Before Trial, ¶ 2:1093 (1992). Here, defendant must meet this burden.

### 3. Dismissal of pro se complaints

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Pro se complaints are held to less rigorous standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). Where the petitioner is pro se the Court has an obligation, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc). Even though pro se pleadings should be construed liberally, "they must allege facts sufficient to enable a reviewing court to conclude that a claim exists; vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Carpiaux v. City of Emeryville*, 2007 WL 1880313, *2 (N.D. Cal. June 29, 2007); *see also Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Dismissing a complaint for failure to state a claim is proper only "if it appears beyond doubt"

4

that the plaintiff "can prove no set of facts which would entitle him to relief." *Vazquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (internal quotations and citation omitted). In making this determination, the Court accepts all allegations of fact as true and construes the complaint in the light most favorable to plaintiff. *Id.* Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam)) (internal quotation marks omitted).

**DISCUSSION**

**1.    Substitution of Defendant**

The Federal Employees Liability Reform and Tort Compensation Act of 1988 ("FELRTCA") immunizes United States employees from liability for their negligence "while acting within the scope of [their] office or employment." 28 U.S.C. § 2679(b)(1). When a federal employee is sued for a negligent act, FELRTCA enables the Attorney General to certify that the employee was "acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . ." 28 U.S.C. § 2679(d)(1). Upon certification, the employee is dismissed from the suit and the United States must be substituted as the defendant, and, if the action was originally filed in state court, the action is removed to federal court. *Id.* As a result, the case is governed by the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2679(b)(1).

The Attorney General's decision regarding scope of employment certification is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident, and the certification is conclusive unless challenged. 28 U.S.C. § 2679(d)(1)-(4); *see also Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993). The party challenging the certification is required to present

5

evidence disproving the Attorney General's certification by a preponderance of the evidence. *See Billings v. U.S.*, 57 F.3d 797, 800 (9th Cir. 1995); *see also Larsen v. Fredericksen*, 277 F.3d 1040, 1041 (8th Cir. 2002) (holding that the party challenging the Attorney General's certification has the burden of coming forward with specific facts rebutting the certification).

Here, Assistant U.S. Attorney Joann Swanson has certified that Lifelong is a federally deemed health center. Certification Pursuant to 28 U.S.C. § 2679(d) at ¶ 2. Plaintiff has failed to file an opposition to the United States' motion to dismiss White and to substitute the United States. Because plaintiff has not challenged the U.S. Attorney's certification, the Court concludes that the certification is prima facie evidence that defendant White was working in her capacity as a federal employee. The Court accepts the certification and accordingly GRANTS the motion to substitute the United States for defendant White. As a result, plaintiff's claims against the United States are governed by the FTCA.

**2.      Dismissal for lack of subject matter jurisdiction**

Having established that the United States is the proper defendant in this action, defendant argues that the case should be dismissed because plaintiff has failed to exhaust his administrative remedies. Plaintiff has failed to file an opposition to defendant's motion to dismiss.

The FTCA requires persons with tort claims against the federal government to satisfy several jurisdictional prerequisites before the claims can be brought in federal court. The FTCA requires parties to first file a claim with the appropriate federal agency. *See* 28 U.S.C. § 2675(a). The requirement that administrative remedies be exhausted before filing a claim is mandatory. The statute clearly states, "[a]n action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and

6

sent by certified or registered mail." 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993). Furthermore, federal courts do not have subject matter jurisdiction unless the agency denies the claim or six months have passed since the claim was filed. *See* 28 U.S.C. § 2675(a). While there may be circumstances in which it is appropriate to excuse compliance with the administrative exhaustion requirement, the record here does not compel such a finding. *See, e.g., Bowen v. City of N.Y.*, 476 U.S. 467, 482 (1986) (exhaustion of administrative remedies was excused where government's secretive conduct precluded claimants from being aware that government was routinely denying benefits pursuant to illegal internal policy).

Defendant asserts that because plaintiff has failed to file any claim with HHS, which is the proper administrative agency, plaintiff's claim should be dismissed for failure to exhaust administrative remedies. *Id.* Defendant submitted to the Court the statement of Meredith Torres, Senior Attorney of Claims and Employment Law at HHS, declaring that she conducted a search of HHS' database and found no record of an administrative tort claim. Def's Motion to Dismiss at ex. B. Plaintiff has not submitted any evidence to the contrary.

Here, plaintiff has failed to file a claim with HHS for his malpractice, infliction of emotional distress, and personal injury claims against White. Because these are all tort claims, plaintiff must first file these claims with HHS before asserting these claims against defendant. If HHS denies plaintiff's claim or fails to reach a decision within six months, then plaintiff may refile his tort claims and this Court will have subject matter jurisdiction.

Pursuant to the FTCA, a tort claim against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The Court notes that it appears that under the FTCA the statute of limitations has not run and plaintiff still has time to exhaust his administrative remedies. As far as the Court is aware, plaintiff's earliest claim against

7

White occurred on October 27, 2006. Prayer for relief at 3, ¶ 2. Therefore, it appears that plaintiff may file a claim with HHS until October 27, 2008, related to his tort claims for malpractice, infliction of emotional distress, and personal injury.

Defendant's motion to dismiss the tort claims is granted without prejudice to refiling after plaintiff pursues his administrative remedies.

### 3.     **Dismissal of plaintiff's ADA claim**

Plaintiff also appears to assert an ADA discrimination claim. Such a claim is not a tort and does not fall under the FTCA; therefore, the Court considers these claims separately.

The ADA contains five titles: Employment (Title I), Public Services (Title II), Public Accommodations and Services Operated by Private Entities (Title III), Telecommunications (Title IV), and Miscellaneous Provisions (Title V). 42 U.S.C. §§ 12111 *et. seq.* Plaintiff's complaint alleges discrimination under the ADA in general and does not cite to the specific statute or ADA section. Given the facts alleged by plaintiff, it may be that he asserts claims under either Title II or Title III of the ADA.

#### A.     **Title II of the ADA**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The elements of a cause of action under Title II are: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the

benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *cf. Olmstead v. Zimring*, 527 U.S. 581, 589-91 (1999) (essentially same showing required to state cause of action under Section 504 of the Rehabilitation Act).[3]

In the context of the ADA, the term "disability" means: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of the person; (B) having a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). This approach most often requires a case-by-case analysis of whether a person is qualified as disabled under the ADA. *See Bragdon v. Abbott*, 524 U.S. 624, 657 (1998). However, the ADA regulations do provide some guidance. The regulations state, in pertinent part, that physical or mental impairment means "[a]ny physiological disorder or condition . . . affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory . . . ." 28 CFR § 36.104. Under Title II, "public entity" includes any state or local government or "any department, agency, special purpose district or other instrumentality of a State or States or local government." *See* 42 U.S.C. §§ 12131(1)(A) & (B).

For a Title II claim, the proper defendant is an entity and not a natural person. *Roundtree v. Adams*, 2005 WL 3284405, *8 (E.D. Cal. Dec. 1, 2005). Thus, as a rule, there is no individual liability under Title II. *Id.; see also Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000); *accord Miller v. King*, 384 F.3d 1248, 1276-77 (11th Cir. 2004)*; Garcia v. Adams,* 2007 WL 570217, *3 (E.D. Cal. Feb. 21, 2007); *Campos v. SF State Univ.*, 1999 WL 1201809, *10 (N.D. Cal. June 26, 1999). However, under

---

[3]The remedies, procedures and rights applicable to a claim under the Rehabilitation Act, 29 U.S.C § 794, apply to an ADA claim. *See Olmstead v. Zimring*, 527 U.S. 581, 589-91 (1999); *Duffy v. Riveland*, 98 F.3d 447, 455 (9th Cir. 1996).

9

Title II, the federal government is not included within the definition of a public entity. 42 U.S.C. § 12131(1) (defining a "public entity" as any state or local government, instrumentality thereof, or the National Railroad Passenger Corporation); *see Cellular Phone Taskforce, et al. v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000) (holding that FCC cannot be liable under Title II of ADA because Title II does not apply to the federal government.).

### B. Title III of the ADA

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation." 42 U.S.C. § 12182(a). To prevail on a claim under Title III, plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability. 42 U.S.C. §§ 12182(a) & (b); *see Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

Within the meaning of Title III, a place of public accommodation includes a facility, operated by a private entity, whose operations affect commerce and fall under the category of "service establishment." 42 U.S.C. § 12181(7); 28 C.F.R. § 36.104; 28 C.F.R. Appx B § 35.104. A "service establishment" includes a hospital or a professional office of a health care provider. 42 U.S.C. § 12181(7)(F); *see Mayberry v. Von Valtier*, 843 F. Supp. 1160, 1166 (E.D. Mich. 1994) (physician's office is a service establishment).

Monetary damages are not recoverable in private suits under Title III. *Pickern*, 293 F.3d at 1136. Injunctive relief is available to "any person who is being subjected to discrimination on the basis of

disability" or who has "reasonable grounds for believing that such person is about to be subjected to discrimination." 42 U.S.C. § 12188(a)(1); *see also Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). The phrases "is being subjected to" and "is about to be subjected to," makes clear that either a continuing or a threatened violation of the ADA is an injury within the meaning of the Act. *Pickern*, 293 F.3d at 1136. Thus, plaintiff is entitled only to injunctive relief to stop a continuing violation or to prevent a future threat. *Id.* Therefore, in order to have standing to sue for an injunction under Title III, plaintiff must be able to show risk of future harm.[4] *Delil v. El Torito Rests., Inc.*, 1997 WL 714866, at *3 (N.D. Cal. June 24, 1997); *see also Jairath v. Dyer*, 154 F.3d 1280, 1283 n. 8 (11th Cir. 1998) (holding that plaintiff had no standing because he had no intention of seeking further medical advice or treatment from defendant); *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997). If plaintiff cannot demonstrate a likelihood that he will suffer future discrimination at the hands of a defendant, even one who has discriminated against him in the past, he does not have standing to obtain an injunction under Title III. *Hoepfl v. Barlow*, 906 F.Supp. 317, 323 (E.D. Va. 1995); *see also Atakpa v. Perimeter Ob-Gyn Associates, P.C.*, 912 F.Supp. 1566, 1574 (N.D. Ga. 1994) (holding that the plaintiff did not have standing to sue the defendant ob-gyn clinic for injunctive relief, even though she was still in childbearing years, because she "has not alleged that she will ever seek services from defendants in the future"); *Blake v. Southcoast Health System, Inc.*, 145 F.Supp.2d 126, 132 (D. Mass. 2001).

### C.     **Plaintiff's ADA Claim is Deficient**

Plaintiff fails to state which statutory provisions of the ADA are applicable to his claims. The

---

[4]The test for standing when plaintiff seeks injunctive relief is the following: (1) there is an injury in fact, (2) the injury was caused by the defendant's conduct, and (3) the injury is capable of being redressed by a favorable ruling. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff has the burden of establishing that he has standing to raise the claims asserted. *Id.* at 561.

11

Court has construed plaintiff's pleading liberally and finds that plaintiff's ADA claim fails either Title II and Title III of the ADA.[5]

If Lifelong, a federally funded health center, is a public entity, then plaintiff's claim falls under Title II. Under Title II, plaintiff's claim is deficient because he named White as defendant. A proper defendant under Title II is an entity, not an individual. Accordingly, plaintiff may not pursue his ADA claim against defendant White personally. Furthermore, Title II applies only to state and local agencies. Plaintiff cannot assert claims against the federal government under Title II of the ADA.

If Lifelong is a private entity for purposes of the ADA, plaintiff's claim falls under Title III. However, as currently alleged, Plaintiff's claim fails for two reasons. First, plaintiff's complaint seeks only retrospective relief in the form of monetary damages, which is not available under Title III. Plaintiff is only entitled to injunctive relief under Title III. Second, even if plaintiff were asking for injunctive relief, as currently alleged, plaintiff lacks standing to bring a claim under Title III. Plaintiff has alleged one or two incidents of discrimination in the past. Plaintiff fails to claim that White's discrimination is a continuing violation and not an isolated event. Plaintiff has not alleged that he intends to return to the clinic, nor has he demonstrated that he faces a real and immediate threat of future harm. The Court finds that plaintiff's complaint does not contain a claim upon which relief may be granted under Title II or Title III of the ADA.

Accordingly, the ADA claim is DISMISSED with leave to amend so that plaintiff may have the opportunity, if he wishes, to file an amended complaint curing the deficiencies identified by the Court in this order. **Any amended complaint must be filed no later than February 22, 2008**.

---

[5] The Court makes no determination at this juncture as to whether Lifelong, a federally funded health center, is a public or private entity for purposes of the ADA.

12

**5.     Defendant's motion to dismiss for improper service of process**

Because the Court finds that plaintiff's suit is dismissed for lack of subject matter jurisdiction and for failure to state a claim, there is no need to address the question whether plaintiff's claim should be dismissed for improperly serving the United States. Accordingly, the Court DENIES defendant's motion as moot.

**6.     Plaintiff's motion to remand**

As set forth above, defendant United States has established federal jurisdiction. Once the Attorney General certifies that a federal employee was acting within the course and scope of her employment, FELRTCA requires the United States to be substituted as the defendant, and, if the action was originally filed in state court, the removal of the action to federal court. 28 U.S.C. § 2679(d)(1), (2). Because plaintiff's claims against the United States are governed by FELRTCA, removal to federal district court is proper. Plaintiff's motion to remand is DENIED.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the United States' motion to substitute and for dismissal as to plaintiff's claims for medical malpractice, infliction of emotional distress, and personal injury [Docket No. 13]. The Court DENIES plaintiff's motion to remand [Docket No. 9], and the Court DISMISSES with leave to amend plaintiff's ADA claim. **If plaintiff wishes to file an amended complaint related to the ADA claim, he must do so no later than February 22, 2008.**

**IT IS SO ORDERED.**

Dated: February 6, 2008

SUSAN ILLSTON
United States District Judge

13