APPLICANT'S INFORMATION TO BE KEPT CONFIDENTIAL

MC-410

**APPLICANT** *(name):* Jimmy Stringer

APPLICANT is [ ] Witness  [ ] Juror  [ ] Attorney  [ ] Party  [X] Other *Pro Se* *(Specify)*

Person submitting request *(name):* Jimmie Stringer

APPLICANT'S ADDRESS: P.O. Box 1421
Oakland, Ca.

TELEPHONE NO.: 510-451-3052

NAME OF COURT: United States District Court
STREET ADDRESS: 450 Golden Gate Avenue
MAILING ADDRESS: P. Box 36055
CITY AND ZIP CODE: San Francisco, Ca. 94102
BRANCH NAME: District Court

JUDGE: Susan ILLSTON

CASE TITLE: Stringer V

FOR COURT USE ONLY

FILED FEB 22 PM 1:13

DEPARTMENT: c. Room 10-19516

CASE NUMBER: C-0755165I

## REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES AND RESPONSE

**Applicant requests accommodation under rule 1.100 of the California Rules of Court, as follows:**

1. Type of proceeding: [ ] Criminal  [X] Civil

2. Proceedings to be covered *(for example, bail hearing, preliminary hearing, trial, sentencing hearing, family, probate, juvenile):* No limit General Jurisdiction.

3. Date or dates needed *(specify):* As the Court will place during course setting a Calendar Date when placed proper Venue For Disable Plaintiff

4. Impairment necessitating accommodation *(specify):* Due to severe pain in spinal cord.

5. Type or types of accommodation requested *(specify):* Time That will allow Plaintiff to meet requirement during proceeding.

6. Special requests or anticipated problems *(specify):* If pain highten Plaintiff may be force to reschedule incase of extreme body pains. And to serve All parties any evidence will be submitted by hearing or probate claims.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

Jimmie Stringer
(TYPE OR PRINT NAME)

Jimmy Stringer
(SIGNATURE)

## RESPONSE

The accommodation request is **GRANTED** and the court will provide the
[ ] requested accommodation, in whole
[ ] requested accommodation, in part *(specify below):*
[ ] alternative accommodation *(specify below):*

For the following duration:
[ ] For the above matter or appearance
[ ] From *(dates):*          to
[ ] Indefinite period

The accommodation is **DENIED** because it
[ ] fails to satisfy the requirements of rule 1.100
[ ] creates an undue burden on the court
[ ] fundamentally alters the nature of the service, program, or activity

For the following reason *(attach additional pages, if necessary):* [See Cal. Rules of Court, rule 1.100(g), for the review procedure.]

Date:

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE)
[ ] SIGNATURE FOLLOWS THE LAST PAGE OF THE RESPONSE.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-410 [Rev. January 1, 2007]

**REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES AND RESPONSE**

Cal. Rules of Court, rule 1.100
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

JIMMIE T. STRINGER
P.O. Box 1421
Oakland, Ca.94604
HP#510-451-3052

JACOBS,SLAWSKY & BARNETT LAW FIRM
1950 EQUITABLE BUILDING
100 PEACHTREE STREET NW.
ATLANTA, GA 30303
PHONE:(404)522-4280
FAX:   (404)527-5907

LIFELONG ADMINISTRATIVE GRIEVANCE OFFICE
P.O. Box 1421 Berkeley, California 94712

UNITED STATES
JOSEPH P. RUSSONIELLO
U.S. Attorney
JOANN M. SWANSON
Chief, Civil division
MELISSA K. BROWN
Assistant United States
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone:(415)436-6962
Fax:(415)436-6748

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF SAN FRANCISCO CALIFORNIA DIVISION

| | |
|---|---|
| JIMMY T STRINGER | ) Case No.: C-07 5516SI |
| | ) MOTION IN PLEADING ESTOPPEL OF |
| Plaintiff, | ) UNWANTED LEGAL RHETORIC & TO PLACE |
| | ) PETITION IN U.S.GENERAL JURISDICTION |
| vs. | ) DISTRICT COURT & AWARD DISABLIE |
| | ) CLAIMANT MONETORY DAMAGES UNDER |
| LIFELONG MEDICAL ADULT CLINIC,of | ) FEDERAL TORT CLAIM ACT FROM THE |
| | ) FOLLOWING; UNITED STATES, LIFELONG |
| OAKLAND,CALIFORNIA, Defendant | ) MEDICAL ADULT CLINIC &   JACOBS, |
| | ) SLAWSKY & BARNETT LAW FIRM FOR INSULT |
| JACOBS, SLAWSKY & BARNETT law firm, of | ) TO INJURY EXACERBATING PAIN BOTH |
| | PHYSICALLY AND MENTALLY VIOLATING |
| ATLANTA,GEORGIA  Defendant | AMERICAN DISABILITY ACT, IN NOT |
| | PROTECTING RIGHTS OF CLAIMANT AGAINST |
| UNITED STATES, Defendant | UNWANTON ACTS OF INTENTIONAL NEGLIGENT |
| | COMMITTED BY PREDICATORS OF THEIR ACTS |
| | OF DISCRIMINATION HELD TOWARD DIABLE |
| | BLACKMAN FOR ACTUAL MONEOTORY & |
| | PROPERTY DAMADES VOILATING ARTICLE III |
| | § 2, ART.VI § 1 OF UNITED STATES |
| | CONSTITUTION. Rule 110 (A.J.C.) (A) |
| | Writ of Certiorari for injunctive |
| | relief in extraordinary legal or |
| | equitable relief. |

1

2
**STIPULATION OF MONETORY SETTLEMENT UNDER INJUNCTIVE, DECLARATORY,**
3
**COMPENSATORY DAMAGE UNDER CALIFORNIA STATE AND FEDERAL TORT CLAIM ACT**
**TITLE 28U.S.C. §1346(B)(1)1402(B)et,seq.**

4
1).COMPENSATORY DAMAGE TORT 1 §5:2 TO :26
5
2).DECLARATORY RELIEF TORT 4 § 39:8-22
3).EMOTIONAL DISTRESS TORT 1 § 11:1 TO § 23:12
6
4).INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS TORT 1 §14:1 TO 14:6
5).MEDICAL MALPRACTICE TORT 3 § 1-3:00 REFUSAL TORT 3 § 32:9
7
6).DISABLED PERSON TORT 1 § 14:5:00 DISABLILITY & MEDICAL CONDITION DISCRIMINATION
STANDARD OF CARE REQUIRED OF 1 TORT § 1:26
8
7).PUNITIVE DAMAGE TORT 3 § 32:55

9
UNITED STATES CODE SERVICE
pg.112, Victim compensation and assistance §10601
10
pg.126, Equal opportunity for individuals with disabilities §12001
11
11.8.1.2 Federal Civil Rights Act Claims.
11.8.1.3 State Law Claims.

12

13
## Jurisdiction

14
1).Diversity Jurisdiction- 28 U.S.C. § 1332 (a) (1), in that there is compete diversity of
15
citizenship and the amount in controversy exceeds the sum of $75,000.00,exclusive of interest and
costs is wholly against each Entity due to location and principal place of business.
16
a).Plaintiff is, and herein mentioned, domicile in and a citizen of the State of California. Defendants
and each of the Entity are, and mentioned, domiciled in and a State in and outside of  California
17
giving exclusive right over interest and cost of  issues with aggregating claims.

18
b).Defendant is Lifelong Medical Adult Clinic place of business of the City Oakland, County of
Alameda California 94612. Ph: (510)-451-4270, Fax: (510)981-4192 FIRST PARTY
19
c).Defendant is Jacobs, Slawsky & Barnett Law Firm, place of business 1950 Equitable Building
20
100 Peachtree Street NW. Atlanta, County of Fulton Georgia 30303 ph:(404)522-4280,
Fax:(404)527-5907 SECOND PARTY
21

22
d).Defendant is United States place of business 450 Golden Gate Avenue, Box 36055 San Francisco,
California 94102 Telephone:(415)436-6962, Fax(415)436-6748 THIRD PARTY
23

24
3).The Federal Question- 28 U.S.C. § 1331 and Art. III § 2 of the Constitutional Parties jointly
involved are Entities having direct involvement of discrimination held on actual and monetary
25
issues under ADA. These claims are reviewed and/or litigated by the U.S. Department of Health
and Human Services Office of the General Counsel and the Department of Justice according to
26
FTCA requirements. HRSA pays for all settlements and judgments from a separately appropriated
Health Center FTCA Judgment Fund. As of March 27, 2006 there are approximately 843 FTCA
27
deemed health centers offering remedies under FTCA.' H.R. Rep. No. 700, 100th Cong., 2d Sess. 4
(1988)
28
4).Supplemental Jurisdiction- 28 U.S.C. § 1367,
a).Federal claim and a State claim rises subject matter §1357. Injuries under Federal laws.

b).A federal claim and a State claim arise from a "**common nucleus of operative fact,**" the Federal Court may hear the entire case (Art. III § 2- extends judicial power to all cases)

1).<u>Pendant Jurisdiction</u>- where claim formidable under original jurisdiction of State claim violating American Disability Act provides same verbatim of original jurisdiction of Federal claim of laws passed by Congress, Legislative under concurrent jurisdiction under `FDCPA § 813 Civil Liability [15 USC 1692k]`

3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the Plaintiff attorney's fees reasonable in relation to the work expended and costs

1). <u>Removal</u>- 28 U.S.C. § 1441

a).This case was removed to federal court from a state court by the UNITED STATES making federal claim involved the Federal Court having original jurisdiction § 1441 (c)- a federal claim and a nonremovable claim can be removed together- there is need for a "common nucleus of operative fact" Subsec. (c). Pub. L. 100–702, § 202(a), amended subsec. (c) generally. Prior to amendment, subsec. (c) read as follows: "For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: Provided further, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a , as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business." Section 203(b) of title II of Pub. L. 100–702 provided that: "The amendment made by this section [amending this section] shall apply to claims in civil actions commenced in or removed to the United States district courts on or after the 180th day after the date of enactment of this title [Nov. 19, 1988]."

## CAUSE of INDEMNITIFICATION CHRONOLOGICAL of MONETORY RIGHTS UNDER AMERICAN DISABILITIES ACTS

## COUNT 1 OF ISSUES AGAINST ATTORNEY NORMAN SLAWSKY

JACOBS, SLAWSKY & BARNETT Law Firm refuse to pay settlement to their Disable Client that the Law Firm recover that awarded on behalf of the client in a class action where company violating Labor Laws, which is what the Law Firm has committing by discrimination towards their Disable Client on basis of legal malpractice extorting money that rightfully belongs to Client. West Annotated California Code Business Practice Code §7531 practice of law legal responsibility of licensees for employer and agents

## COUNT 2

During the course of on going matter Norman Slawsky and Plaintiff talked heavily for 15 to 20 minutes on the phone until Plaintiff ask for $5,000,000.00 to see where the amount of the settlement ranked, Mr.Slawsky express clear agreement, which left the Plaintiff even more uncertain of the trust that Attorney Slawsky displayed as he refuse to acknowledge full amount and stating that he(Slawsky)had given some of the money to the Police and shelters. Committing Penalty of Perjury. key 1. C.J.S. §2-3, 5-8, 21.

## COUNT 3

During the course the of Plaintiff and Attorney Slawsky first meeting Plaintiff introduce to Mr.Slawsky with a settlement agreement of $19,000,000.00,which Attorney Slawsky disagreed with after reading. Norman stated, ' Jimmy I'm not going to give you all that money after I couldn't get my attorney fees no'. Plaintiff stated, 'Norman I am going to for paralegal, due being hurt on the job'. Norman stated, 'what does pro bono means'. When plaintiff did not respond Norman stated, 'I'll give you $500. Plaintiff stared and stated, 'Norman you don't want to do this, how much is the settlement, Norman stated, 'I can't tell you Jimmie it's confidential'.      Plaintiff then left after refuse the offer after feeling as he was just made a fool of by Attorney Slawsky, committing unfair persuasion. Black's Law Dictionary, (contracts key 96. C.J.S.  §4, 136, 139-140,187,189-194).

## COUNT 4

During the course of the second meeting Plaintiff and Attorney Slawsky set in the conference room accompany by his secretary which they both committed false allegation and refusing to secure Plaintiff rights, which force Plaintiff to bring tape recorder to prove the coercive behavior of the Attorney's malice act of deceit toward his Disable Client. Penalty of Perjury. key 1. C.J.S. §2-3, 5-8, 21.

## COUNT 5

This attorney has certain fiduciary obligations that apply to client funds the attorney receives in the course of representing the client. The attorney has a duty to keep the client's funds or property secure and separate from the attorney's own property. In addition, the attorney must notify the client when he/she receives client funds or property and must provide an accounting of all client funds or property. FDCPA § 813 Civil Liability [15 USC 1692k]

**Client Trust Accounts**

Attorneys receiving, maintaining, or disbursing client funds are required to establish a client trust account, which is a special bank account. The client trust account is usually a checking account. By law, attorneys have discretion about whether to deposit client funds in interest-bearing bank accounts. An attorney is permitted to charge a reasonable fee for maintaining the account, but all interest earned on the account belongs to the client.

**Interest on Lawyers' Trust Accounts (IOLTA)**

Interest on lawyer's trust accounts (IOLTA) is a program in some states. IOLTA allows the state to use interest that is earned on nominal and short-term client deposits to fund non-profit agencies that provide legal services to the poor. Interest earned on IOLTA accounts is not subject to income tax.

**Recordkeeping**

By law, an attorney is required to keep various types of records for seven years after they are generated. These include attorney trust account records, bank statements, client fee agreements, and statements showing disbursements of client funds. Related Resources on lawyers.com        - Attorney Client Relationship articles and information

PRAYER FOR RELIEF

1

2

## COUNT 1 OF ISSUES AGAINST DR.WHITE

3

1).Plaintiff was force to return for another visit due to Dr.White refusing to see patient on 10-27-06. Plaintiff call in advance to inform the clinic that Plaintiff was force to walk due to not having any money and that Plaintiff would most likely be late. Plaintiff arrived at 10:30 and set there at the clinic until 11:05, before being told that Dr.White do not want to see you. Which Plaintiff explain that his r-foot was in severe pain. Yet no concern of the Patient health was taken consideration in the matter that could have been avoided. Plaintiff explain to Dr.White that Patient fear taking medication due to internal bleeding that Plaintiff was force to deal with while on 800MG and other multiple level of prescribed medications while living in Atlanta Ga..

4

5

6

7

8

## COUNT 2

9

1).2/9/07 Plaintiff submitted form before the March expiration date for permanent disable handicap plate to ensure Patient need for maintaining for Paralegal Studies as well as for day to day living. Dr.White has committed a lack of professional care by refusing to renew the form by informing Patient with a written statement, leaving the emotional Patient to suffer with already compounding problems both mentally and physically due to chronic pains in the body. The Plaintiff feels the situation was coerce to sitcom the ticking attacks to gain control of car. Which has exacerbated the severe chronic pains, Plaintiff suffers with.

10

11

12

13

14

## COUNT 3

15

3).Since the on going issues with the Plaintiff, he has been force to ware braces on both hands and a brace on the r-foot which have become increasingly unusable due to numbness and severe pains that have took control reducing quality use of the Plaintiff 's r-hands, r-leg and r-foot which are truly vital if Plaintiff is to ever return to employment. Which is why the Plaintiff pleaded with Dr.White not to take this situation unlikely, due to constant pains that will worsen without the uses of the Plaintiff car. If were not for KAISER PREMANENTE Plaintiff damage would exacerbate causing Plaintiff to a force operation for certain especially since Plaintiff's brother who's a RN explained that Plaintiff most likely would be force to have a plate or prosthetic operation if the pains continue from walking, as Plaintiff is force to tolerate without car.

16

17

18

19

20

21

22

## COUNT 4

23

As Plaintiff feel unsafe, it is clear that not now nor in the future does Plaintiff seeks medical attention from Lifelong medical clinic, due to constant conflict that has escalated between Plaintiff and Defendant in the ongoing issues that have develop over the months before Plaintiff brought the claim of damages from the negligent behavior of Dr.White. It is clear that Plaintiff will continue to suffer from the illness that cloth Plaintiff as of now & future.

24

25

26

## COUNT 1 OF ISSUES AGAINST UNITED STATES

27

Since the on going issue Plaintiff had not the inclination over who would be representing Dr.White, Plaintiff sent one petition to Dr.White and Lifelong Medical Clinic, not aware that the United States would become associated with this suit. While trying to gather information from Assist. U.S. Attorney Melissa Brown, Plaintiff start noticing how Attorney Brown set over the phone and try to coerce Plaintiff into

28

1  making threats as if that was the intention of the Plaintiff as he explain what was
   going on since these issues have come to his life. Attorney Brown ask, ' are you
2  threaten me', Plaintiff stated, 'I'm talking about someone trying hurt me', Attorney
   Brown stated, 'softly I can't talk to about that'. And hang up the phone after saying
3  by to each other.

### COUNT 2

4

5  While on the phone a second time at E.D.D program for disables. Plaintiff once more
   tried to recover information of how these issues were able to land in Judge ILLSTON'S
   court room she would not hear Plaintiff claims on R    .Attorney Brown frame the
6  statement 'why do you keep making threats towards me'. Plaintiff then became offended
   and ask Attorney Brown, 'are you bipolar' Attorney Brown stated, no', Plaintiff
7  stated, ' are you on drugs Attorney Brown stated, no'. Plaintiff ask, 'why is it that
   every time I try to ask a question  pertaining to these legal issues you feel you can
8  say things of this nature, you must be on something'. Attorney Brown stated, 'you're
   not going to keep insult me'. Plaintiff does feel that this is another conspire
9  attempt to cause Plaintiff  more harm and that every word be accommodated with a tape
   or compact disk recorder to safe guard the Plaintiff from any more attempt made on
10 Plaintiff's life to alienate him from children and family since driving from Atlanta
   Ga., to gain custody of his children and go back to being a productive citizen in
   life.
11                                 ### COUNT 3

12 The very fact that the Attorney acknowledge in their answer the unwanting adverse
   affects of abuse towards the Plaintiff from the Courts. Shows no different of the
   Defendant's Attorney shadowing attempt to pool Plaintiff from recovering from the
13 tortfeasor negligents. When Plaintiff rejected the issues, to maintain in the
   magistrate court and remand to the lower court for concurrent jurisdiction of general
14 jurisdiction of duty. The very fact wrong has been committed and no one wants to
   settle these issues, illustrate the behavior of the legal institution to bring insult
15 to injury to Plaintiff since Plaintiff is already suffering.
                                ### 42 USCS § 3617
16 § 3617. Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate,
17 threaten, or interfere with any person in the exercise or enjoyment of, or on account of his
   having exercised or enjoyed, or on account of his having aided or encouraged any other
18 person in the exercise or enjoyment of, any right granted or protected by section
   803, 804, 805, or 806 [42 USCS § § 3603, 3604, 3605, or 3606].
19 **HISTORY:**
20 (April 11, 1968, P.L. 90-284, Title VIII, § 818 [817], 82 Stat. 89; Sept. 13, 1988, P.L. 100-
   430, § §8(1), 10, 102 Stat. 1625, 1635.)

21

22                 ### CONCERN FOR LIEF, LIBERITY AND PROSPERITY

23 A great sum of the stress the Plaintiff has been under mostly contributed from the coercive
24 attacks to his car, taking off items; (OIL CAP, PEN TO THE DRIVEBAR CONNECTED TO THE L-
   WHEEL AND BROKEN BACK LEFT DOOR WIDOW AS WELL AS CLOTHES AND TOOLES TO
25 MAINTAIN FOR THE CAR). The car was stolen once, but the items were stolen twice, which has
   highly contribute to the stress since being  here in Oakland. And the fact that someone shot at
26 Plaintiff with a silencer releasing 3shots while driving off in a Silver Crown Victoria. Gives light to
   someone not wanting Plaintiff not to retrieve the class action settlement money as well as gain
27 custody of both Plaintiff daughters, especially since Jada R. Stringer is also disable from birth.
   Which has also cause the Plaintiff to suffer stress worrying about why the Plaintiff is not allow to
28 parent his children, which the Superior courts have violated State and Federal family Parental
   laws. And yet the Grandmother was given 18yrs of custody over Plaintiff children and the very

reason why. As one White Masonic Brethren, put it to the Plaintiff, 'Jimmy you know the courts don't want to see a Blackman with his kids'. Which to some degree Plaintiff feels it is unsafe to gain custody until these issues have been resolve to the degree wear Plaintiff can then focus on family as well as his invention to make car levitate off the ground that Plaintiff drown up to present to the Government to help society.

## CONCURRENT ACTS OF LAW

The United States filed this civil action to enforce title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111 et seq., against the Mississippi Department of Public Safety ("MDPS"). The Complaint alleges that MDPS discriminated against Mr. Ronnie Collins ("Mr. Collins") on the basis of disability, in violation of title I of the ADA, 42 U.S.C. § 12112(a) and 12112(b)(5),

This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 12117(a) and 2000e-5(f), and 28 U.S.C. §§ 1331 and 1345. Pursuant to 28 U.S.C. § 1391, venue is proper in this District because the claim arose within this District. This Court has authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §§ 2201 and 2202.

2. MDPS is a "covered entity" within the meaning of §101(2) of the ADA, 42 U.S.C. §12111(2), a "person" within the meaning of §101(7) of the ADA, 42 U.S.C. §12111(7), and an "employer" within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5).

3. Mr. Collins, who has insulin dependent diabetes, is an individual with a disability within the meaning of title I of the ADA, 42 U.S.C. §12102(2) and 29 C.F.R. §1630.2(g).

**UNTIED STATES DISTRICT COURT** FOR THE MIDDLE DISTRICT OF ALABAMA UNDER 42USC §1983, FOOTNOTE2 SEEKING DECLARATORY AND INJUNCTIVE RELIEF A PROPERLY CONVENED THREE–JUDGE DISTRICT, EVERYONE WHO UNDER COLOR OF ANY STATUTE, ORDINANCE REGULATION, CUSTOM OR USAGE,OF ANY STATE OR TERRITORY SUBJECTS OR CAUSES TO BE SUBJECTED, ANY CITIZEN OF THE UNITED OR OTHER PERSON WITHIN THE JURISDICTION THERE OF TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES,OR IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS, SHALL BE LIABLE TO THE PARTY INJURED IN AN ACTION AT LAW SUIT IN EQUITY OR OTHER PROPER PROCEEDING FOR REDRESS. [392US,309,312]FT3 COURT CORRECTLY ADJUCATED THE MERITS OF THE CONTROVERSY WITHOUT REQUIRING APPELLEES TO EXHAUST STATE ADMINISTRATIVE REMEDIES AND THE REGULATION TO BE INCONSISTENT WITH THE SOCIAL SECURITY ACT AND EQUAL PROTECTOR CLAUSE 5 WE NOTED PROBABLE JURISDICTION [392 US 309,313]390 U.S.903 (1968) AND FOR REASONS WHICH WILL APPEAR WE AFFIRM WITHOUT REACHING THE CONSTITUTIONAL ISSUE.

**42U.S.C.601-609** AND WITH THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMEND.

**CHAPTER 21 TITLE 42 U.S.C.A.§1983**,FOR VIOLATIONS OF FEDERAL STATUTES PERTAINING TO RIGHTS OF HANDICAPPED PERSON 63ALR FED215.

1).PUNITIVE DAMAGES IN ACTION FOR VIOLATION OF FEDERAL RIGHTS ACT 14 ALR FED 608.

2).COMPENSATION FOR CONSTITUTIONAL TORTS: REFLECTIONS ON THE SIGNIFICANCE OF FAULT. JOHN C. JEFFIES JR. 88MICH.L.REV.82(1989)

## CALIFORNIA STATE AND FEDERAL LAWS

PRAYER FOR RELIEF

1).212 CAL,RPTR 167 CAL,APP. 3D 21:DAMAGES KEY 56.20 BODILY INJURY CAN AND DOES RESULT FROM
EMOTIONAL DISTRESS, AND THE INJURIES SO SUSTAINED MAY BE COMPENSABLE.
2).IN GENERAL:ON THE BASIS OF RACE, COLOR OR NATIONAL ORGINS UNDER TITLE VI OF THE CIVIL
RIGHTS ACT OF 1964 [42USCS§300X OR 300-21] SHALL BE CONSIDERED TO TOWARDS PROGRAMS AND
ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE.

3).PROHIBITION, NO PERSON SHALL BE ON THE GROUNDS OF SEX , BE EXCLUDED FROM
PARTICIPATION IN ,BE DENIED THE BENEFITS OF SERVICE OR BE SUBJECT TO DISCRIMINATION
UNDER ANY PROGRAM OR ACTIVITIES FUNDED IN WHOLE UNDER SECTION 1911 OR 1921.

4).§10.01 IN GENERAL:THE BASIC STANDARD OF LIABILITY IMPOSED BY CONGRESS UNDER THE ACT IS
THAT WHICH LOCAL LAW IMPOSES ON A PRIVATE INDIVIDUAL SIMILARLY SITUATED
(5) THE GENERAL STANDARD OF LIABILITY FOR TORT APPLICABLE TO PRIVATE INDIVIDUALS IS
COMPENSATORY DAMAGES THAT IS DAMAGES IN SATISFACTION OF, OR IN RECOMPENSE FOR THE OR
INJURY SUSTAINED AS A PROXIMATE RESULT OF THE MISCONDUCT WHICH GIVES RISE TO THE CAUSE.
(6).THE CLAIMANT IS ENTITLED TO BE JUSTLY AND REASONBLY COMPENSATED FOR THE ELEMENTS
OR ITEMS OF LOSS, INJURY OR GRIEVANCE TO THE EXTENT RECOGNIZED BY LAW.

# UNITED STATES CODE ANNOTATED

## TITLE 28 FEDERAL RULE OF CIVIL PROCEDURE RULE 1 TO11

PRO SE COMPLAINT RULE 8: COURT WILL SCRUTINIZE PLEADING OF A NONLAWYER
APPEARING PRO SE WITH SPEACIAL CARE TO DETERMINE WHETHER A COLORABLE CLAIM
EXIST.GORDON V. CRONONLY.D.C.R.I. 1982, 554 F. SUPP. 796

FEDERAL PROCEDURE §10:150 COMPLAINT ATTEMP TO APPREHEND USE OF EXCESSIVE
FORCE-CONSPIRACY-TO DEPRIVE PLAINTIFF OF LIFE & LIBERTY [28 USCA §1331,1343; 42USCA
§1983,1985 FED CIV PRO RULE 8(A)]

### 69 A.L.R. FED. 712

1).AWARD OF ATTORNEY FEE TO PRO SE LITIGANT UNDER 42 U.S.C.A 1988 OF TITLE VII ACT
OF 1976.

### 82 A.L.R. FED.800

2). RECOUPMENT BY PRO SE LITIGANT OF ATTORNEY'S FEE UNDER EQUAL ACCESS TO
JUSTICE ACT (28 USCA §2412(D),107 A.L.R. FED. 827

### 132 A.L.R. FED. 345

3). RIGHTS OF PREVAILING PLAINTIFFF TO RECOEVR ATTORNEY'S FEES UNDER §706(K) OF
CIVIL RIGTHS ACT OF 1964 (42U.S.C.A. §2000E (K)

### 134 A.L.R. FED.161

4). TITLE VII FISHERVS. PROCTER & GAMBLE MFG. CO. (1980, CA5 TEX ) 613 F 2D 527 GIBNEY
VS. TOLEDO BD OF EDU. 730 OHIO APP. 3D 99- IX 596. N.E. 2D 591, 76 ED. LAW REP.208 (6th DIST.
LUCAS COUNTY 1991) VI
CLEVELAND BAR ASSU. VS. HERON 112 OHIO ST 3D 564 CODE OF RESP.DR 9-102 A),(B),(34)

PRAYER FOR RELIEF

## CALIFORNIA VEHICLE CODE

1).§22511.58 PHYSICIAN'S CERTIFICATE INFORMATION ;RELEASE TO SPECIFIED LOCAL AGENTIES REVIEW BOARD,PARAGRAPH (A)(B)

2).§ 5007 SHALL MAKE THAT INFORMATION AVAILABLE FOR INSPECTION BY THE MEDICAL BOARD OF CALIFORNIA OR THE APPROPRIATE REGULATORY BOARD.

3).§22511.5 DISABLE PERSONS OR DISABLE VETERANS PARKING PRIVILEGES (A)(1),(A)(B)(2)(3)(B)

4).ACESS TO TRANPORTATION (CAL.VEH.CODE §12806 & 12805 smith v.DMV(1984)163.CAL. APP 3D 321)

## DISABILITY LAWS

1).SENATE BILL 1233  PROVISIONAL OF DISABLE PARKING ACT THE MSSOURI STATE MEDICAL ASSOCIATION
2).RIGHT TO CONSENT TO MEDICAL TREATMENT (CALI.PROB.CODE §3200 ET SEQ.)
3).USCS PAGE 112,VICTIM COMPENSATION & ASSISTANCE 10601
4).USCS PAGE 126,EQUAL OPPORTINUTY FOR INDIVIDUALS WITH DISABILITIES 12001
5).1974 504 OF THE REHABILITATION IS DESIGN TO PROTECT PROVISIONS VIOLATED ENTITY AND PRIVATE UNDER 29USC SEC 794
6).Section 505 - Remedies, procedures and rights follow Title VI of the Civil Rights Act of 1964
7). IDEA *(20 USCS § § 1400* et seq.) does not supersede plaintiff's right to assert claim under § 504 of Rehabilitation Act *(29 USCS § 794)*, and disabled student may bring action asserting claims under both statutes; additionally, plaintiff is not precluded from also asserting claims under *42 USCS § 1983. Jonathan G. by & Through Charlie Joe G. v Caddo Parish Sch. Bd. (1994, WD La) 875 F Supp 352, 10 ADD 1130.*
8).*42 USCS § 1983,* §504 of Rehabilitation Act *(29 USCS § 794),* and § 302 of Americans with Disabilities Act.

**Health and Safety Code section 1317** prohibits discrimination in the provision of emergency services and care based on a person's race, ethnicity, religion, national origin, citizenship, age, sex, preexisting medical condition, physical or mental handicap, insurance status, economic status, or ability to pay, except to the extent that a person's age, sex, preexisting medical condition, or physical or mental handicap are medically significant.

**Federal Conspiracy act** is legal doctrine that imposes liability on person who, although not actually committing a tort then themselves share with the immediate tortfeasors a common plan or design in its perpetration; by participating in a civil conspiracy, a coconspirator incurs liability co-equal with the immediate tortfeasors.

**TITLE II-Exhaustion of remedies  108. 702 >403.01.Federal district court has jurisdiction over individuals action under  Title II of  ADA despite failure to exhaust administrative remedies. KF-3469 A7, A5**

MEDICAL EXPENSES

PRAYER FOR RELIEF

1).HOSPITAL VISITS EMERGENCY & NONEMERGENCY = $EXCEEDS10,000
2).DOCTOR VISITS  EMERGENCY & NONEMERGENCY  = $EXCEEDS10,000
3).MEDICATIONS EMERGENCY& NONEMERGENCY      = $EXCEEDS10,000
4).TESTS; MRI, NEUROLOGY, ETC.              = $EXCEEDS10,000

### TRANSPORTATION

1). GAS                                     = $EXCEEDS10,000
2). MILAGE                                  = $EXCEEDS10,000
3). REPAIRS                                 = $EXCEEDS10,000
4). TIRERS WARE & TARE                      = $EXCEEDS10,000

### DEBTS

BANKS;
SUNTRUST BANK : $EXCEEDS   500.00
WACHIVO BANK  : $EXCEEDS   500.00
LOAN          : $EXCEEDS   200.00

### COMPOUNDING INTEREST ON SETTLEMENT

AFR 4.04%*$ 19,000,000.00 = $4,702,970.30
QUARTERLY                 = $4,702,970.30
TOTALL = $19,000,000.00 + $4,702,970.30 +$2,000,000.00 = $25,702,970.30

### SETTLEMENT BETWEEN CLIENT AND LAW FIRM

THE AMOUNT AGGREGATE IN ALL EFFORT WILL RELEASE ACTION AGAINST THE FIRM AND
ASSOCIATED ENTITY FROM LAIBILITY UNDER STIPULATION AGREED IN SAID AMOUNT. IF
VOID BY LEGAL REMEDIES OR DEPUTED. THE ISSUE OF ALL ELEMENT OF MERITS AND
FACT SHALL IN ACCORD WITH FEDERAL RICO LAW IMMEDIATELY SET FORTH STAGES FOR
JURY TRAIL FOR PAYMENT OF SETTLEMENT. SETLEMENT WILL BE PAID IN FULL TO BRING
CLOSURE TO RELIVE THE GROSS AMOUNT OF NELIGENCE STRESSED BY THE ATTORNEY AND
ENTITIES END CLOSING. WITH RESPECTS TO THE HONORABLE JUDGE'S DECRECTION,
PLAINTIFF WISH TO HAVE AGREEMENT KEPT CONFIDENTIAL.

### SETTLEMENT BETWEEN CLAIMANT AND LIFE LONGMEDICAL CLINIC

PROPOSED SETTLEMENT THE PLAINTIFF IS SEEKING $500,000.00 IN THE PAIN AND SUFFERING. AND
$250,000.00 IN PUNITIVE DAMAGES FOR THE PLAINTIFF'S INCURE LOST OF THE MARKET VALUE
OF THE CAR $5926.00 OT $6000.00. ALSO TO ADD THE EXPENSES 13 TIMES THE TOTALL AMOUNT OF
TICKETS, STORAGE, WRECKER FEE INCURED IN FINDINGS OF ACTION. THE PLAINTIFF IS ASKING FOR
A TOTAL OF $ 895,000.00, DUE TO MEDICAL MALPRACTICE COMMENTTED AGAINST THE DISABLE
PATIENT FOR THE ACTS DOCTOR WHITE COMMITTED IN REFUSE THE CARE NEEDED TOWARD THE
PLAINTIFF IN THE VIOLATION OF THE DISABILITIES RIGHTS, DISABLE VEHICLE RIGHTS AND
EDUCATIONAL RIGHTS. PLAINTIFF SEEK $895,000.00 TO SETTLE IF ANY AGREEMENT WOULD COME
IN THE MIST OF AVIODING A JURY TRIAL THAT WOULD NOT ONLY GRANT THE TOTALLING
AMOUNT PLUS ADDICTIONAL MONETARY DAMAGE THAT THE COURT WOULD DEEM FAVORABLE TO
THE DISABLE PLAINTIFF IN THE ACTION BROUGHT TO THIS COURT FOR RELIEF.

## SETTLEMENT BETWEEN CLAIMANT AND UNITED STATES

FAILURE TO PREVENT ACT COMMITTED AT ABORAD HAS GIVEN INSULT TO INJURY AND
SEEKS DAMAGES OF $200,000.00 FOR THE BEHAVIOR TO PREVENT PLAINTIFF A FAIR CHANCE
OF REIEF CUASING THE EVEN MORE EXACERBATION OF BODY INCREASING PAINS AND
SUFFERING, BY REFUSING TO SETTLE AND MAKING PLAINTIFF WHOLE.

PRAYER FOR RELIEF

1

### COMMENCEMENT OF CIVIL ACTION

2    §357 DISABILITY NESSITY OF EXISTENCE WHEN RIGHT OF ACTION ACCRUED.

3

### PLEADING IN CIVIL ACTION

4
     §425.10 STATEMENT OF FACTS IN DEMAND FOR JUDGMENT
5    §425.11 PUNITIVE DAMAGES SERVICE OF STATEMENT FORM NOTICE TO DEFENFANT
     LIFELONG MEDICAL CLINIC FOR ACT COMMITTED BY DR.WHITE, FROM PLAINTIFF JIMMIE
6    STRINGER RESREVING TO SEEK $895,000.00 IN ACTION AGAINST ENTITY FOR PAIN AND
     SUFFERING.SEEKS A JUDGMENT IN THE SUIT FILE IN THIS COURT FOR AWARD OF THE
7    PERPETRATOR ACTS.

8    DISABLE PETITIIONER JIMMIE T. STRINGER, seeks the Courts to serve and subpoena in
     this action against the following to be joined as parties listed in the above caption for right of
9    possession against the on going discrimination.

10

11

12

13

14                                                             Dated this [Date]
15                                                    Jimmie Stringer
                                              Pro Se  [Attorneys' address]
16                                                    [Attorneys' names]

17

18

19

20

21

22

23

24

25

26

27

28