IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JIMMIE T. STRINGER,                                      No. C 07-05516 SI

          Plaintiff,                                              **ORDER DISMISSING PLAINTIFF'S COMPLAINT**

  v.

DR. VANEIDA WHITE, et al.,

          Defendants.
                                            /

Now before the Court is plaintiff's first amended complaint, filed in response to this Court's February 6, 2008 Order dismissing plaintiff's complaint. In its prior order, the Court dismissed plaintiff's tort claims for failure to exhaust his administrative remedies and dismissed plaintiff's apparent claim under the Americans with Disabilities Act ("ADA") because it failed to state a claim under either Title II or Title III of the ADA. The Court granted plaintiff leave to amend his complaint to cure the deficiencies in his ADA claim. Plaintiff's amended complaint, however, fails to cure the noted deficiencies. Plaintiff's new complaint restates many of the facts alleged in his first complaint, but does not indicate what provision of the ADA was violated or how the ADA was violated. The new complaint also includes non-ADA claims against a new defendant, namely a law firm in Atlanta, Georgia, with whom plaintiff apparently has had prior dealings. The complaint fails to indicate how this Court could exercise its jurisdiction over an Atlanta-based law firm for actions that occurred in Atlanta. In any case, plaintiff was given leave only to clarify his ADA claim, not to bring entirely new and unrelated claims against new defendants.

Accordingly, because plaintiff's amended complaint in no way cures the deficiencies of his ADA

claim, plaintiff's complaint is DISMISSED without leave to amend [Docket No. 21]. Should plaintiff wish to file a new complaint against the law firm, he is free to do so, but he is advised that the Northern District of California may not be the proper place to file a complaint against defendants located in Georgia. In addition, as discussed in the February 6, 2008 Order, plaintiff may file a new complaint regarding his tort claims once he has exhausted his administrative remedies. Finally, the Court DENIES as moot plaintiff's "motion for discovery and disposition" [Docket No. 24].

**IT IS SO ORDERED.**

Dated: March 24, 2008

SUSAN ILLSTON
United States District Judge

2