1   JIMMIE T. STRINGER
    P.O. Box 1421
2   Oakland, Ca.94604
    HP#510-395-7413

3   UNITED STATES
    JOSEPH P. RUSSONIELLO
4   U.S. Attorney
    JOANN M. SWANSON
5   Chief, Civil division
    MELISSA K. BROWN
6   Assistant United States
    450 Golden Gate Avenue, Box 36055
7   San Francisco, California 94102
    Telephone:(415)436-6962
8   Fax:(415)436-6748

9               IN THE UNITED STATES DISTRICT COURT FOR THE
              NORTHERN DISTRICT OF SAN FRANCISCO CALIFORNIA DIVISION
10

11

12                                    )   No.C-07-5516 SI
    JIMMIE T. STRINGER                 )
13                                     )   PLEADING TITLE SETTLEMENT AGREEMENT
              Plaintiff,               )   UNDER ADA TITLE II CIVIL RIGHT ACT §
14                                     )   1964,1990 & 14TH AMEND.ARTICLE 3 § 2
         vs.                           )   BETWEEN THE PARTIES
15                                     )
    UNITED STATES                      )
16                                     )
              DEFENANT                 )
17   _____)

18

19                    COMMENCEMENT OF CIVIL ACTION

    Sec.36.504 Relief.

20   (a) Authority of court. In a civil action under Sec.36.503, the court --

21   (1) May grant any equitable relief that such court considers to be appropriate, including, to
22   the extent required by the Act or this part --

23   (i) Granting temporary, preliminary, or permanent relief;

24   (ii) Providing an auxiliary aid or service, modification of policy, practice, or procedure, or
     alternative method; and
25
     (iii) Making facilities readily accessible to and usable by individuals with disabilities;

                         Summary of Pleading - 1

(2) May award other relief as the court considers to be appropriate, including monetary damages to persons aggrieved.

(3) Attorney General may, to vindicate the public interest, assess a civil penalty against the entity in an amount

(b) Single violation. For purposes of paragraph (a) (3) of this section, in determining whether a first or subsequent violation has occurred, a determination in a single action, by judgment or settlement, that the covered entity has engaged in more than one discriminatory act shall be counted as a single violation.

(c) Punitive damages. For purposes of paragraph (a)(2) of this section, the terms "monetary damages" and "such other relief" that do not include punitive damages.

(d) Judicial consideration. In a civil action under Sec.36.503, the court, when considering what amount of civil penalty, if any, is appropriate, shall give consideration to any good faith effort or attempt to comply with this part by the entity. In evaluating good faith, the court shall consider, among other factors it deems relevant, whether the entity could have reasonably anticipated the need for an appropriate type of auxiliary aid needed to accommodate the unique needs of a particular individual with a disability.

Sec.36.505 Attorneys fees.

In any action or administrative proceeding commenced pursuant to the Act or this part, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

The ADA applies to the City because it is a "public entity" as defined by title II. 42 U.S.C. § 12131(1).

2. The Department is authorized under 28 C.F.R. Part 35, Subpart F, to determine the compliance of the City with title II of the ADA and the Department's title II implementing regulation, to issue findings, and, where appropriate, to negotiate and secure voluntary compliance agreements. Furthermore, the Attorney General is authorized, under 42 U.S.C. § 12133, to bring a civil action enforcing title II of the ADA should the Department fail to secure voluntary compliance pursuant to Subpart F.

3. The Department is authorized under 28 C.F.R. Part 42, Subpart G, to determine the City's compliance with section 504 of the Rehabilitation Act of 1973, to issue findings, and, where appropriate, to negotiate and secure voluntary compliance agreements. Furthermore, the Attorney General is authorized, under 29 U.S.C. § 794 and 28 C.F.R. §§ 42.530 and 42.108-110, to suspend or terminate financial assistance to the City provided by the Department of Justice should the Department fail to secure voluntary compliance pursuant to Subpart G or to bring a civil suit to enforce the rights of the United States under applicable federal, state, or local law.

## FACTS RELATING TO DOCTOR AND PATIENT

### PRESCRIPTION

Part 1).Plaintiff was Prescribe pain medication as well as a cane, hand brace for both hands and a foot brace for the r-foot from Kaiser Permanente and a psychiatry for stress as it appear in the following exhibit of prescriptions.

Part 2).Plaintiff was prescribe pain medication from Alta Bates.

Part 3).Plaintiff was prescribe a back brace by lifelong but still unable to attain a back brace from medical merchants outlets.

Part 4).Plaintiff was prescribe pain medication from Highland Hospital.
All the following Hospitals prescribe the Plaintiff with Percocet or vicoden to help relieve the physical pain the Plaintiff suffers with day and night.

## EX-B-2

### DOCTOR'S STATEMENTS

Part 1).Dr.Bricksel, MD of Grady Neurology, Dept. of Atlanta, Ga.

Part 2).Dr.Bowen Y.Wong,MD of Neurology of Professional Corporation of Oakland, Ca.

Part 3).Highland Emergency diagnosis on spasm in muscles of Oakland, Ca.

Part 4).6-17-07 Kaiser Permanente diagnosis Ankle pains of Oakland, Ca.

Part 5).Alta Bates Summit diagnosis back pains of Oakland, Ca.
Since the Plaintiff became indigent from the job, these issues have been what the Doctors has explain to the Plaintiff about the condition he will most likely continue to suffer with now and in the future as it relates to the Plaintiff's medical issues.

## EX-B-3

### APPOINTMENTS

Part 1). On 10-27-06. Plaintiff call in advance to inform the clinic that Plaintiff was force to walk due to not having any money and that Plaintiff would most likely be late. Plaintiff arrived at 10:30 and set there at the clinic until 11:05, before being told that Dr.White do not want to see you. Which Plaintiff explain that his r-foot was in severe pain. Yet Plaintiff was force to return on 11-03-06,With no treatment to foot.

Part 2). 2/9/07 Plaintiff submitted form before the March expiration date for permanent disable handicap plate to ensure Patient need for maintaining for Paralegal Studies as well as for day to day living. Dr. White refuse by two ways.

Continual Part 2 of paragraph 1).Dr. White then wrote the Plaintiff a statement on a peace of a paper on 2-9-07.

1    <u>Continual Part 2 of paragraph 2)</u>.Dr. White then wrote the Plaintiff an appointment to justify
     why he should get the other doctor to relieve handicap plate problems. Which did not make
2    since when  Dr. White approve the Plaintiff for a temporary handicap plate card 2006.

3    <u>EX-B-4</u>

4
                              APPLICATION FOR DISABLE PLATE
5
6    <u>Part 1)</u>.Plaintiff submitted application and in response the Doctor left the form
     uncompleted for another Doctor to complete knowing the Plaintiff needed the plates to
7    maintain before the expiration date began.

8    <u>Part 2)</u>.Plaintiff offers a copy of the Temporary Place Card #675489
     As Plaintiff has shown that behavior is concurrent with present issues.
9
     III-4.1000 Eligibility criteria
10
11   III-4.1100 General. A public accommodation may not impose eligibility criteria that either
     screen out or tend to screen out persons with disabilities from fully and equally enjoying
12   any goods, services, privileges, advantages, or accommodations offered to individuals
     without disabilities, unless it can show that such requirements are necessary for the
13   provision of the goods, services, privileges, advantages, or accommodations.
     III-4.2200 Specialties.
14
15   III-4.2000 Reasonable modifications

16   III-4.2100 General. A public accommodation must reasonably modify its policies, practices,
     or procedures to avoid discrimination. If the public accommodation can demonstrate,
17   however, that a modification would fundamentally alter the nature of the goods, services,
     facilities, privileges, advantages, or accommodations it provides, it is not required to make
18   the modification.

19                              REMEDIES OF ADA TITLE II & III

20   Americans with Disabilities Act 42 U.S.C. § 12205
     Sec. 12205 Attorney's fees
21   In any action or administrative proceeding commenced pursuant to this chapter, the
     court or agency, in its discretion, may allow the prevailing party, other than the
22   United States, a reasonable attorney's fee, including litigation expenses, and costs,
     and the United States shall be liable for the foregoing the same as a private
23   individual. (Pub. L. 101-336, title V, Sec. 505, July 26, 1990, 104 Stat. 371.

24
     (2) The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964
25   [42 U.S.C. 2000d et seq.] shall be available to any person aggrieved by any act or failure to
     act by any recipient of Federal assistance or Federal provider of such assistance under Sec.


                              Summary of Pleading - 4

794 of this title.

(b) In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. (Pub. L. 93-112, title V, Sec. 505, as added Pub. L. 95-602, title I, Sec. 120, Nov. 6, 1978, 92 Stat. 2982.)

Sec. 12188. Enforcement

(a) In general

(1) Availability of remedies and procedures

The remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 12183 of this title. Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions.

(2) Injunctive relief

In the case of violations of sections 12182(b)(2)(A)(iv) and Section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this subchapter.

(b) Enforcement by Attorney General

(1) Denial of rights

(A) Duty to investigate

(i) In general

The Attorney General shall investigate alleged violations of this subchapter, and shall undertake periodic reviews of compliance of covered entities under this subchapter.

(ii) Attorney General certification

On the application of a State or local government, the Attorney General may, in consultation with the Architectural and Transportation Barriers Compliance Board, and

after prior notice and a public hearing at which persons, including individuals with disabilities, are provided an opportunity to testify against such certification, certify that a State law or local building code or similar ordinance that establishes accessibility requirements meets or exceeds the minimum requirements of this chapter for the accessibility and usability of covered facilities under this subchapter. At any enforcement proceeding under this section, such certification by the Attorney General shall be rebuttable evidence that such State law or local ordinance does meet or exceed the minimum requirements of this chapter.

**(B) Potential violation**

If the Attorney General has reasonable cause to believe that

**(i)** any person or group of persons is engaged in a pattern or practice of discrimination under this subchapter.

**(ii)** any person or group of persons has been discriminated against under this subchapter and such discrimination raises.

**(2) Authority of court In a civil action under paragraph (1) (B), the court**

**(A)** may grant any equitable relief that such court considers to be appropriate, including, to the extent required by this subchapter.

**(i)** granting temporary, preliminary, or permanent relief.

**(ii)** providing an auxiliary aid or service, modification of policy, practice, or procedure, or alternative method; and

**(iii)** making facilities readily accessible to and usable by individuals with disabilities.

**(B)** may award such other relief as the court considers to be appropriate, including monetary damages to persons aggrieved **(C)** may, to vindicate the public interest, assess a civil penalty against the entity in an amount satisfactory to the violation.

**(3) Single violation**

For purposes of paragraph (2) (C), in determining whether a first or subsequent violation has occurred, a determination in a single action, by judgment or settlement, that the covered entity has engaged in more than one discriminatory act shall be counted as a single violation.

**(4) Punitive damages**

For purposes of subsection (b) (2) (B) of this section, the term "monetary damages" and "such other relief" does not include punitive damages.

**(5) Judicial consideration**

In a civil action under paragraph (1)(B), the court, when considering what amount of civil penalty, if any, is appropriate, shall give consideration to any good faith effort or attempt to comply with this chapter by the entity. In evaluating good faith, the court shall consider, among other factors it deems relevant, whether the entity could have reasonably anticipated the need for an appropriate type of auxiliary aid needed to accommodate the unique needs of a particular individual with a disability.

Sec. 12205. Attorney's fees

In any action or administrative proceeding commenced pursuant to this chapter, the court

or agency, in its discretion, may allow the prevailing party, other than the United States, a

reasonable attorney's fee, including litigation expenses, and costs, and the United States

shall be liable for the foregoing the same as a private individual.

# Title VI

Prevented discrimination by government agencies that receive federal funding. If an agency is found in violation of Title VI, that agency can lose its federal funding

## SUBCHAPTER IV - MISCELLANEOUS PROVISIONS

Sec. 12201. Construction

(a) In general

Except as otherwise provided in this chapter, nothing in this chapter shall be construed to apply a lesser standard than the standards applied under title V of the Rehabilitation Act of 1973 (29 U.S.C. 790 et seq.) or the regulations issued by Federal agencies pursuant to such title.

(b) Relationship to other laws

Nothing in this chapter shall be construed to invalidate or limit the remedies, rights, and procedures of any Federal law or law of any State or political subdivision of any State or jurisdiction that provides greater or equal protection for the rights of individuals with disabilities than are afforded by this chapter. Nothing in this chapter shall be construed to preclude the prohibition of, or the imposition of restrictions on, smoking in places of employment covered by subchapter I of this chapter, in transportation covered by

subchapter II or III of this chapter, or in places of public accommodation covered by subchapter III of this chapter.

(c) Insurance

Subchapters I through III of this chapter and title IV of this Act shall not be construed to prohibit or restrict

(1) an insurer, hospital or medical service company, health maintenance organization, or any agent, or entity that administers benefit plans, or similar organizations from underwriting risks, classifying risks, or administering such risks that are based on or not inconsistent with State law.

(2) a person or organization covered by this chapter from establishing, sponsoring, observing or administering the terms of a bona fide benefit plan that are based on underwriting risks, classifying risks, or administering such risks that are based on or not inconsistent with State law.

(3) a person or organization covered by this chapter from establishing, sponsoring, observing or administering the terms of a bona fide benefit plan that is not subject to State laws that regulate insurance.

Paragraphs (1), (2), and (3) shall not be used as a subterfuge to evade the purposes of subchapter I and III of this chapter.

(d) Accommodations and services

Nothing in this chapter shall be construed to require an individual with a disability to accept an accommodation, aid, service, opportunity, or benefit which such individual chooses not to accept.

Sec. 12202. State immunity

A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter. In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State.

Sec. 12203. Prohibition against retaliation and coercion

(a) Retaliation

No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a

charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

(b) Interference, coercion, or intimidation

It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

(c) Remedies and procedures

The remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b) of this section, with respect to subchapter I, subchapter II and subchapter III of this chapter, respectively.

Sec. 12204. Regulations by Architectural and Transportation Barriers Compliance Board

(a) Issuance of guidelines

Not later than 9 months after July 26, 1990, the Architectural and Transportation Barriers Compliance Board shall issue minimum guidelines that shall supplement the existing Minimum Guidelines and Requirements for Accessible Design for purposes of subchapters II and III of this chapter.

(b) Contents of guidelines

The supplemental guidelines issued under subsection (a) of this section shall establish additional requirements, consistent with this chapter, to ensure that buildings, facilities, rail passenger cars, and vehicles are accessible, in terms of architecture and design, transportation, and communication, to individuals with disabilities.

Sec. 12131. Definitions

As used in this subchapter:

(1) Public entity

The term "public entity" means

(A) any State or local government.

(B) any department, agency, special purpose district, or other instrumentality of a State or States or local government.

(C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of title 49).

(2) Qualified individual with a disability

The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

Sec. 12132. Discrimination

Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

Sec. 12133. Enforcement

The remedies, procedures, and rights set forth in section 794a of title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title.

Sec. 12134. Regulations

(a) In general

Not later than 1 year after July 26, 1990, the Attorney General shall promulgate regulations in an accessible format that implement this part. Such regulations shall not include any matter within the scope of the authority of the Secretary of Transportation under section 12143, 12149, or 12164 of this title.

(b) Relationship to other regulations

Except for "program accessibility, existing facilities", and "communications", regulations under subsection (a) of this section shall be consistent with this chapter and with the coordination regulations under part 41 of title 28, Code of Federal Regulations (as promulgated by the Department of Health, Education, and Welfare on January 13, 1978), applicable to recipients of Federal financial assistance under section 794 of title 29. With respect to "program accessibility, existing facilities", and "communications", such regulations shall be consistent with regulations and analysis as in part 39 of title 28 of the Code of Federal Regulations, applicable to federally conducted activities under section 794 of title 29.

(c) Standards

Regulations under subsection (a) of this section shall include standards applicable to facilities and vehicles covered by this part, other than facilities, stations, rail passenger cars, and vehicles covered by part B of this subchapter. Such standards shall be consistent with the minimum guidelines and requirements issued by the Architectural and Transportation Barriers Compliance Board in accordance with section 12204(a) of this title.

The United States Department of Justice (Department) initiate this matter as a compliance review of Entity under title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12131-12134, and the Department's implementing regulation, 28 C.F.R. Part 35. Because the Entity receives financial assistance from the Department of Justice, the review was also conducted under the authority of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Department's implementing regulation, 28 C.F.R. Part 42, Subpart G

• to notify applicants, participants, beneficiaries, and other interested persons of their rights and the Entity obligations under title II and the Department's regulation, 28 C.F.R. § 35.106.

• to designate a responsible employee to coordinate its efforts to comply with and carry out the City's ADA responsibilities, 28 C.F.R. § 35.107(a).

• to establish a grievance procedure for resolving complaints of violations of title II, 28 C.F.R. § 35.107(b).

• to operate each program, service, or activity so that, when viewed in its entirety, it is readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 35.150.

§357 DISABILITY NESSITY OF EXISTENCE WHEN RIGHT OF ACTION ACCRUED.

## PAINFUL ADVERSE EFFECT ON LIFE

I PLAINTIFF WAS RUSH TO KAISER HOSPITAL ON 2-29-08, AFTER SUFFERING ATTACK TO THE BRAIN IN MARCH DUE TO SPINAL PAINS AS WELL AS FEELING A LOSE DUE TO MY GRAND-FATHER LOSING HIS R-LEG AND DIEING OF OLD AGE SHORTLY AFTER.IN APRIL I SUFFER AN ATTACK TO THE HEART THE SAME TIME MY UNCLE DIE OF A HEART ATTACK FROM 8PM TO 12AM. WHICH HAS CAUSE A GREAT DEAL OF EMOTIONAL AND PHYSICAL STRESS THAT IS EXACERBATING PAST PAINS TO HIGH LEVELS OF PERSENT AND FUTURE LIMITATION OF MOBILITY OF LIFE TO HANDS AND FEETS DUE TO NUMBNESS TO WHERE USE OF BODY IS VERY PAINFULL WITH ADVERSE AFFECTS AND THIS PAINFUL CONFLICT HAS CAUSED ME A GREAT DEAL OF STRESS WITH COULD HAVE BEEN AVOIDED.SINCE THERE IS SO MUCH HATFUL THREATS TOWARD ME AND ALL I(PLAINTIFF) WANTED TO DO IS LIVE MY LIFE SO MY CHILDREN CAN HAVE WHAT AMERICA HAS TO OFFER.THE UNITED STATES HAVE SHOWN ME THOUGHT TACTICAL ATTACK AS WELL AS THE JUDICIAL LEGAL ABUSE . I CAN NO LONGER;
1).WALK FOR MORE THAN X AMOUNT OF MINUTES BEFORE PAIN STOP ME COMPLELETLY DUE TO PAINS IN LEGS DUE TO THIS CONFLICT.
2).CONTROL MY BOWL SYSTEM DUE TO EXTREME INTERNAL PAINS IN THE LOWER ABDOMEN ESPECIALLY AFTER TRYING TO WALK TO LONG.
3).BREATHING IS BECOMING DIFFICULT TO DEAL WITH DUE TO INTERNAL SPINAL CORD DAMAGES THAT IS LEADING TO SEVERELY OTHER CONDITIONS THAT HAS CAUSE FEAR

EVEN THOUGHT I (PLAINTIFF) HATE TO OMITTE.
4).JUST THIS JUNE & JULY I (PLAINTIFF) SUFFER ATTACK TO THE EYES, CAUSING
TEMPERORY LOSE OF SIGTH DUE TO MASSIVE BUILD UP OF PAIN TO THE BRAIN.
5).NUMBNESS HAS INCEASE TO LEVELS IN THE HANDS,R-FOOT AND AT TIME THE L-FOOT,
R-KNEE,AND UNCONTROLABLE WAIVES OF SEVERE PAINS.

## PLEADING IN CIVIL ACTION

SETTLEMENT=$900,000.00
ATTORNEY FEE=$500.00 A HR X 8HRS X 6MTHS =$480,000.00
TOTAL = $1,380,000.00%

LIFELONG MEDICAL CLINIC FOR ACT COMMITTED BY DR.WHITE AGENT OF UNITED STATES
FOR ACCOUNTIBILITY FOR LACK OF PROTECTION OF THE VEIL OF LIBERITY,  PORSPERITY
OF LIFE ESPECIALLY THAT OF AMERICA DISABILITY ACT. PLAINTIFF JIMMIE STRINGER
RESREVING TO SEEK $1,380,000.00, IN ACTION AGAINST ENTITY FOR PAIN AND SUFFERING
.PLAINTIFF SEEKS AMOUNT IN THE SUIT FILE IN THIS COURT FOR AWARD OF THE
PERPETRATOR ACTS OR THROUGH SETTLEMENT ARRANGEMENT.THE DOLLAR IN ALL
EFFORT WILL RELEASE ACTION AGAINST THE ASSOCIATED ENTITY FROM LAIBILITY
UNDER STIPULATION AGREED IN SAID AMOUNT.SETTLEMENT WILL BE PAID IN FULL TO
BRING CLOSURE TO RELIVE THE GROSS AMOUNT OF PAIN AND SUFFERING STRESSED BY
THE ENTITY END CLOSING.NO OMITTION OR QUILT IN THE AMOUNT OF SETTLMENT
ACKNOWLEDG VIOLATION OF PLAINTIFF'S ADA TITLE II OR III IN GOOD FAITH TO
COMPENSATE PLAINTIFF PAIN AND SUFFERING.THE UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICE SHALL WIRE TO THE AMOUNT OF $1,380,000.00 TO WELLS
FARGO THROUGH DIRECT DEPOSIT TO THE PLAINTIFF ACCOUNT AND MAIL A HARD COPY
OF TRANSACTION TO PLAINTIFF FOR COMPELETION OF AGREEMENT WITHIN 72HRS AFTER
NOTICE OF TRANSACTION AND.IF VOID, THE MATTER SHALL BE ADVANCE TO THE FEDERAL
DISTRICT COURT TO BE RESOLVE AS WELL AS TO THE US JUSTICE DEPARTMENT FOR
VOILATION ADA II & III.WITH RESPECTS TO THE HONORABLE JUDGE'S DECRECTION,
PLAINTIFF WISH TO HAVE SETTLEMENT AGREEMENT KEPT CONFIDENTIAL TO MAINTAIN
THE GOOD FAITH OF SAID  AGREEMENT.TRANSACTION OF AGREEMENT WITHIN 7 BUSINESS
DAYS FROM TIME OF NOTICE WILL BRING CLOSURE UPON COMPLETION OF SAID
AGREEMENT.

WIRER CONFORMATION =
PLAINFIFF'S ACCOUNT =

CERTIFICATE OF SERVICE

1

2  I CERTIFY THAT PLAINTIFF HAS SERVED A TRUE AND CORRECT COPY OF THE
   FOREGOING MONETARY SETTLEMENT AGREEMENT PETITIONED, TO THE DEFENDANT'S
3  ATTORNEY FOR REPERSENTATION OF LIFELONG MEDICAL ADULT CLINIC OF
   OAKALND CA.94612.FOR ACKNOWNLEDGEMENT OF NOTICE OF SERVICE THROUGHT
4  THE USES OF THE UNITED STATES POSTAL OFFICE FOR COMPLAINCE OF RULE OF
   SERVICE.

5

6

7

8

9

10

11 UNITED STATES
   JOSEPH RUSSONIELLO
   U.S. Attorney
12 JOANN M. SWANSON
   Chief, Civil division
13 MELISSA K. BROWN
   Assistant United States
14 450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
15 Telephone:(415)436-6962
   Fax:(415)436-6748
16

17

18
                                    Dated this 28 day of AUG, 2008
19
                                    _____
20                                      JIMMIE STRINGER
                                        P.O. BOX 1421
                                        Oakland, Ca.94604 510-
21                                      395-7513 or 510-7147498

22

23

24

25

Summary of Pleading - 13

CHAPTER 4 • Legal Interviewing and Investigation in Personal Injury Litigation    69

(Jimmy Stringer)

I am suffering with pains that never go away completely. The level of pain can start mild to severe that emergency help is needed to reduce the possibility of death. Especially due to my heart murmur, shooting pain up and down causing lost of awareness at times as well as bowel problems which has made it hard to eat, due to uncontrol bowel attacks due to exacerbation of pain and medication.



( ) Note Injuries on Diagram

Continue: As I try to maintain with = Arthritis, Heart Murmur and Carpal tunnel syndrome. C-Pain

( ) Indicate Plaintiff's Area of Pain Symptoms
( X ) Headaches
( X ) Dizziness
( ) Nausea
( ) Nervousness
( ) Insomnia
( ) Appetite

( ) Head
( X ) Brain
( ) Forehead
( ) Ears
( X ) Eyes
( ) Nose
( ) Mouth
( ) Teeth

( X ) Neck   Constant Pain
( X ) Muscles
( X ) Spine
( ) Throat

( X ) Chest
( X ) Heart
( X ) Lungs
( ) Ribs

( ) Abdomen

( X ) Internal Injuries
( X ) bowel

( X ) Arms (Right or Left)
( X ) Upper  X
( ) Forearms
( ) Elbows
( X ) Wrists
( X ) Hands
( X ) Fingers

( X ) Legs (Right or Left)
( X ) Thighs
( X ) Upper
( X ) Lower
( X ) Knees – numbness
( X ) Ankles
( X ) Feet  X
( X ) Toes  X

( X ) Trunk
( X ) Shoulders Constant Pain
( X ) Spine
( X ) Thoracic
( X ) Scapula
( X ) Lumbar
( X ) Sacrum
( X ) Coccyx
( X ) Pelvix
( X ) Hips

Numbness